Earl D. BROWN and Laurie
A. Brown, Plaintiffs,

v.

GRIGGSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 4, Delbert Camp, Kim Curry, William Johnson, Steve Dunham, Gerald Wilson, Denise Conkright, Joyce Leahy, John Emrick, Defendants.

No. 92–3233.

United States District Court,
C.D. Illinois,
Springfield Division.

March 31, 1993.

---

Katherine M. Black, Carbondale, IL, for plaintiffs.

Larry D. Kuster, Jacksonville, IL, for defendants.

OPINION

RICHARD MILLS, District Judge.

The issue: Attorney fees.

The procedural vehicle: Cross motions for summary judgment.

## I. BACKGROUND

This action arises out of an administrative hearing held pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(b).

Brenton Brown, a child of Earl and Laurie Brown, attended the Griggsville, Illinois public schools. However, because Brenton suffered from a physical handicap as a result of a stroke, the Griggsville school district recommended at its annual meeting in May of 1991 that Brenton be retained in the second grade for another year. The school district also recommended that Brenton be placed in a special class for the physically handicapped in Jacksonville, Illinois, 30 miles from his parents' home. Brenton's parents were notified by the school district of its decision, whereupon Brenton's parents requested a hearing under 20 U.S.C. § 1415(b)(2).

As a result of the request for a hearing, Brenton's transfer to Jacksonville was stayed pursuant to 20 U.S.C. § 1415(e)(3), and Brenton remained in the Griggsville school district for the 1991–92 school year. On May 27, 1992, before a hearing was held, the school district met at its annual meeting to consider the placement of its special needs students, at which time it was recommended that Brenton be allowed to advance to the third grade and remain in the Griggsville school district. From a review of the record, it appears that this recommendation was based on the fact that Brenton's academic performance had improved significantly during the 1991–92 school year.

When Brenton's parents learned of the decision of the school district, they withdrew their request for a hearing. However, the Browns subsequently filed an action in this Court to recover their attorney fees associated with the request for the hearing, pursuant to 20 U.S.C. § 1415(e)(4)(B). The requirements of 20 U.S.C. § 1415(a) & (b) are that

the parents of a handicapped child in a school district using federal funds pursuant to 20 U.S.C. § 1411 be given prior notice and the opportunity for a hearing with respect to any action taken by the school district concerning their child. 20 U.S.C. § 1415(c) provides for an administrative appeal of the § 1415(b)(2) hearing findings. Then 20 U.S.C. § 1415(e)(2) provides that a party dissatisfied with the administrative appeal may file a civil action contesting the initial decision of the school district. Finally, 20 U.S.C. § 1415(e)(4)(B) provides that "In any action or proceeding brought under this subsection [ (e) ], the court, in its discretion, may award reasonable attorneys' fees ... to the parents ... of a child ... with a disability who is a prevailing party."

## II. SUMMARY JUDGMENT

Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.1983).

## III. ANALYSIS

Based on a review of the record, the entire controversy appears to revolve around a dispute concerning whether the Plaintiffs are entitled to attorney fees as "the prevailing party" for purposes of 20 U.S.C. § 1415(e)(4)(B). The material facts of the case are not contested. As such, this dispute is a legal one, which is capable of being resolved by means of summary judgment.

Unfortunately, 20 U.S.C. § 1415(e)(4)(B) is inartfully drafted, and the term "prevailing party" is missing an essential modifier, thus presenting the question "the prevailing party *in what type of action?* ". Applying the plain meaning rule, the prevailing party would be the prevailing party in the civil action filed pursuant to 20 U.S.C. § 1415(e)(2). That section allows a party dissatisfied with either the decision of the hearing officer, or the decision of the administrative appeal board, to appeal the administrative finding in a United States District Court.

The Seventh Circuit has yet to interpret the meaning of 20 U.S.C. § 1415(e)(4)(B). However, the Court of Appeals for the Eleventh Circuit has addressed the issue of when parents are entitled to recover attorney fees under 20 U.S.C. § 1415(e)(4)(B), and that Court has not followed the plain meaning rule in interpreting the statute. In *Mitten v. Muscogee County School District*, 877 F.2d 932, 935 (11th Cir.1989), the Court held, based on the legislative history of the Act, that the term "action or proceeding" refers to any administrative proceeding. Thus, the Court found that if plaintiffs could establish that they were the prevailing party in the administrative challenge to the school district determination, they would be able to recover their attorney fees and costs expended in pursuing the school district's decision. However, as the type of proceeding referred to in 20 U.S.C. § 1415(e)(4)(B) is not determinative of the outcome in this case, this Court makes no finding regarding the proper construction of the statute.

The Court in the *Mitten* case went on to interpret the term "prevailing party" and held that it applies to plaintiffs as long as they obtain "the most significant relief" requested. *Id.* at 935–36. In the present case, the parents did obtain the relief they had requested, namely, the retention of their son

in the Griggsville school district. However, there is one significant difference between the *Mitten* case and the present one: in the *Mitten* case a hearing was held, whereas in this case, there was never any hearing because the parents withdrew their hearing request when the school district modified its placement decision concerning their son at its next annual meeting.

■ Consequently, this Court is left with the question "Did the Plaintiffs prevail at the administrative level, when no hearing was ever held?". No Court of Appeals has addressed this issue. The Plaintiffs claim that when the Griggsville school district revised its earlier determination, the Plaintiffs had prevailed as a result of their request for a hearing. However, it is not necessarily true that the school district revised its earlier decision in response to the Plaintiff's request for a hearing.

Absent any settlement or ruling on the merits of the complaint set for a hearing, this Court does not see how the Plaintiffs can be considered a prevailing party for purposes of 20 U.S.C. § 1415(e)(4)(B). In discussing the meaning of the term "prevailing party" for the purposes of obtaining attorney fees, the Seventh Circuit has stated "the fact that a plaintiff filed an action and subsequently achieved his desired relief is not enough. The [filing] must play a 'provocative role' in securing the relief. If this element of causation does not exist, the plaintiff is not a prevailing party even though he appears to 'prevail'." *Shepard v. Sullivan,* 898 F.2d 1267, 1271 (7th Cir.1990). The Court also held that a district court's determination of whether a litigant is a prevailing party may not be overturned "absent an abuse of discretion."

In this case, the mere fact that the Plaintiffs eventually obtained the relief they requested does not make them prevailing parties. The Plaintiffs have not shown that the school district revised its earlier determination because the Plaintiffs filed their request for a hearing. It seems that after another year in the second grade, Brenton Brown's academic performance had improved sufficiently for the school district to be able to determine that he would not require special educational classes in Jacksonville. There never was any settlement between the parties on the placement issue. The Plaintiffs simply decided to withdraw their request for a hearing after the school district made a determination at its 1992 annual meeting that Brenton Brown would not require a special handicapped class and could attend a regular third grade class in Griggsville. The district's decision was based on the progress Brenton had made during the past school year and occurred during the course of the district's annual meeting, when the district reviewed the placement of all of its students with special needs.

Consequently, the Plaintiffs are not prevailing parties under 20 U.S.C. § 1415(e)(4)(B), and the Defendants are entitled to judgment as a matter of law.

*Ergo,* Defendants' motion for summary judgment is ALLOWED, and Plaintiffs' motion for summary judgment is DENIED. The parties are to bear their own costs.

SO ORDERED.

CASE CLOSED.