12 F.3d 681
 88 Ed. Law Rep. 63, 3 ADD 915
 Earl D. BROWN and Laurie A. Brown, as parents of B. Brown, a
minor, Plaintiffs-Appellants,
v.
GRIGGSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 4; Delbert
Camp, Superintendent; Kim Curry, Member of the
Board of Education; et al., Defendants-Appellees.
 No. 93-2072.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 25, 1993.
Decided Dec. 20, 1993.
 
 Katherine M. Black, Carbondale, IL (argued), for plaintiffs-appellants.
 Larry D. Kuster (argued), Richard Freeman, Rammelkamp, Bradney, Dahman, Kuster, Keaton & Fritsche, Jacksonville, IL, for defendants-appellees.
 Before POSNER, Chief Judge, MANION, Circuit Judge, and GRANT, Senior District Judge.*
 POSNER, Chief Judge.
 
 
 1
 A federal statute, the Individuals with Disabilities Education Act, 20 U.S.C. Secs. 1400 et seq., confers certain legal rights on the parents of disabled children of school age. When on May 29, 1991, the defendant school district notified the Browns that their disabled child, having just flunked second grade, would in the coming academic year be placed in a special class for physically disabled children in a school thirty miles from the Browns' home, they immediately--in fact on the same day--requested a hearing before an impartial hearing officer appointed by the school board pursuant to 20 U.S.C. Sec. 1415(b)(2) and 34 C.F.R. Sec. 300.507. They retained counsel to assist them with the hearing process. It is likely, though unclear from the record, that they had advance notice of the board's decision and had been advised by counsel to request the hearing, since the request automatically stayed the transfer of their child until the hearing was held. 20 U.S.C. Sec. 1415(e)(3).
 
 
 2
 After a number of mutually agreed-upon continuances--without which the hearing officer would have been required to render his decision within 45 days of the request for a hearing, 34 C.F.R. Sec. 300.512(a)(1)--the hearing was definitively scheduled for June 8, 1992. Hence the Browns' child remained in his local school for the entire 1991-1992 academic year. During this "stay put" period there were no negotiations or other contacts or communications between the Browns or their lawyer, on the one hand, and school officials on the other.
 
 
 3
 On May 27, 1992, less than two weeks before the hearing was to take place, the school board convened the regular annual meeting required by the Act to consider the placement of students with special needs. 20 U.S.C. Sec. 1414(a)(5); 34 C.F.R. Sec. 300.343(d). At the meeting, the board decided that the Browns' child should remain in the local school. Since this was all the parents wanted, they withdrew their request for a hearing, and it was never held. They then filed this proceeding in federal district court, seeking a modest award (less than $1,000) of attorney's fees under 20 U.S.C. Sec. 1415(e)(4)(B), which provides: "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." On the school district's motion for summary judgment, the district court dismissed the action on the ground that the Browns, while they had got what they wanted, had not prevailed within the meaning of the statute, 817 F.Supp. 734 (C.D.Ill.1993).
 
 
 4
 There is an anterior question: whether the provision on attorney's fees is applicable when there are no proceedings in the district court other than the request for fees. The school district has not contested the point, but we cannot ignore it. The question whether Congress has authorized the federal courts to entertain a particular type of proceeding, here one to recover attorney's fees for services rendered exclusively in a proceeding before another tribunal, is jurisdictional. If, for example, Congress authorizes the federal courts to award fees to prevailing plaintiffs in securities cases, the courts may not use the statute to award fees to prevailing plaintiffs in food-stamp cases, even if no party objects to that use of the statute. Crowley Cutlery Co. v. United States, 849 F.2d 273, 276-78 (7th Cir.1988).
 
 
 5
 Ordinarily a request for attorney's fees is tendered to the tribunal, whether judicial or administrative, before which the attorney appeared, or at least that had jurisdiction over the case in which he rendered services. Dickie v. City of Tomah, 999 F.2d 252 (7th Cir.1993). Consistent with this practice, the provision we quoted earlier authorizes the award of attorney's fees "in an action or proceeding brought under this subsection," that is, subsection (e), which is the provision that authorizes suits in federal district court to enforce rights granted by the Individuals with Disabilities Education Act. There was no such suit here. The system of enforcement created by the Act has three stages. First is the hearing before a hearing officer appointed by the state agency responsible for compliance with the Act. 20 U.S.C. Sec. 1415(b). Next, if the hearing officer turns down the parents, they can appeal to the agency. Sec. 1415(c). If they strike out with the agency, they can bring a suit under section 1415(e). The statute makes no provision for an award of attorney's fees for work performed at the previous stages, which is why there is an issue of the district court's jurisdiction to entertain this suit.
 
 
 6
 The courts that have addressed the issue have agreed, however, that section 1415(e)(4) should be interpreted, despite the semantic strain involved, to encompass legal services rendered at the first or second stage, even if there is no third--no judicial--stage. Barlow-Gresham Union High School Dist. No. 2 v. Mitchell, 940 F.2d 1280, 1284-85 (9th Cir.1991); Angela L. v. Pasadena Independent School Dist., 918 F.2d 1188, 1192 n. 1 (5th Cir.1990); Moore v. District of Columbia, 907 F.2d 165 (D.C.Cir.1990) (en banc), and cases cited there. We think this is right. In view of the amount of ink that has already been spilled in the discussion of the issue, notably in the Moore decision, we shall be brief.
 
 
 7
 The House committee's report explains that the provision authorizes an award of attorney's fees to "the prevailing party in an action or proceeding (a due process hearing or a state level review) brought under" the Act, H.R.Rep. No. 296, 99th Cong., 1st Sess. 5 (1985), thus in effect defining "action" as a judicial proceeding and "proceeding" as an administrative proceeding. Was the committee trying to slip a fast one by Congress and the President? That is possible, though as far as we know no one has ever thought well enough of the argument to make it. While the committee's gloss does considerable violence to the statutory language ("action or proceeding brought under this subsection"), to reject its gloss would leave unexplained why the provision reads "action or proceeding" rather than just "action" or just "proceeding," the implication being that there may be, consistent with the House committee's report, two different types of process to which the provision applies. Of course "or proceeding" may just be redundant; it is suggestive in this connection that the phrase "action or proceeding" occurs 413 times in the United States Code and is never defined. But interpretive literalists hesitate to dismiss statutory language as surplusage. They could not therefore come up with a completely satisfactory literal reading of this statute. Suspicion arises that "subsection" is a mistake, and "section" was intended.
 
 
 8
 There is enough linguistic play in the statutory joints to allow us to look beyond the words of the statute and consider not only the legislative history but also the consequences of alternative interpretations. It would be anomalous to make the entitlement to attorney's fees depend on the stage at which a plaintiff's successful effort to enforce the rights conferred by the Individuals with Disabilities Education Act terminated. In effect, the claimant files his claim with the school board, with intermediate review by a state agency, rather than proceeding from the outset entirely in the district court. In effect, the hearing officer appointed by the school board, and the reviewing agency, are adjuncts of the court, like a magistrate, in the administration of the federal statute (Congress is constantly dragooning state agencies into the enforcement of federal statutes). The fact that a case referred to a magistrate terminates with him does not disentitle the prevailing plaintiff to an award of attorney's fees if a statute allows such an award in the particular class of case; any other rule would encourage the plaintiff to dawdle, and would retard settlement and burden district judges. It is the same here. If the claimant must get his claim before a district judge in order to be entitled to attorney's fees, claimants' lawyers will be reluctant to settle cases at the earlier, nonjudicial stages.
 
 
 9
 We acknowledge the possibility that Congress may not have wanted district judges to be bothered with small claims for legal work done before entirely separate bodies and that it might have believed that parents could easily shoulder the ordinarily modest expense of the administrative proceedings envisaged by the statute and would do so rather than spin the proceedings out. But on balance we think the other circuits to have ruled on the question have answered it correctly, and in any event our doubts are not such as impel us to create an intercircuit conflict over it.
 
 
 10
 We come to the merits. The Browns' lawyer emphasizes what undoubtedly is true, that but for the request for a hearing and consequent activation of the "stay put" provision of the Act their child would have been transferred to a distant school, which they did not want. As we have been busy emphasizing lately, however, "but for" is not an adequate conception of cause, Brackett v. Peters, 11 F.3d 78, 79-80 (7th Cir.1993); United States v. 1990 Toyota 4Runner, 9 F.3d 651, 652-53 (7th Cir.1993), and the question whether a party prevailed because of the legal proceeding rather than for some other reason is, at a minimum, a question about causality. Rootberg v. Central States, Southeast & Southwest Areas Pension Fund, 856 F.2d 796, 799-801 (7th Cir.1988); Lovell v. City of Kankakee, 783 F.2d 95, 96-97 (7th Cir.1986). The qualification "at a minimum" is a bow in the direction of Farrar v. Hobby, --- U.S. ----, ----, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992), where in dictum the Supreme Court suggested that not only must the lawsuit be a catalyst of legal change favorable to the plaintiff but the plaintiff must have obtained relief through a judgment or a settlement. On this view, the fact that a lawsuit had stimulated legislative reform or induced the defendant to take "voluntary" measures that gave the plaintiffs what they wanted without benefit of a judgment or settlement would not justify awarding them attorneys' fees.
 
 
 11
 There is certainly some merit to this view; it would be odd to reward with attorney's fees a plaintiff who had induced the defendant to toss him a bone merely to avoid the expense of defending against an unmeritorious suit; it would be adding injury to injury. But we need not attempt to resolve the question, which recently divided a panel of the Fourth Circuit and led the full court to grant rehearing en banc. S-1 v. State Board of Education, 6 F.3d 160 (4th Cir.1993), opinion vacated, Oct. 21, 1993. We can instead assume that the issue for resolution is whether the cause of the Brown child's remaining in the local school was the legal proceeding commenced by the parents' request for a hearing, or, as the school district argues and the district judge found, the school board's annual review of the child's status. The review would have taken place whether or not the Browns had requested a hearing, and, as far as appears, would have reached exactly the same result. The child did better in the local school during the "stay put" year than he had done previously and it was the improvement in his performance that persuaded the board to change its decision to transfer him, not the fact that it faced a lawsuit if it did not change its decision; so at least the district judge found, not clearly erroneously.
 
 
 12
 Of course if the child had been transferred, as he would have been had the Browns not requested a hearing, he might not have improved (the Browns believe he is better off in his local school because the school that the board wanted him to attend is thirty miles from his home and has only disabled children) or his improvement might not have been noticed. That is the sense in which the request for a hearing is plausibly a but-for cause of his being able to remain indefinitely where his parents want him to be. But a proper concept of causation requires more, requires that the putative cause also have made the consequence more likely to occur. Brackett v. Peters, supra, at 79. Suppose, to take an extreme case, that the child's disability was that he was blind, and midway in the "stay put" year he unexpectedly recovered his eyesight, so naturally the school board decided at its next meeting not to transfer him. The request for the hearing would not be the cause of the board's decision even if the parents could somehow show that had he been transferred the board would not have become aware of his dramatic improvement, because such a request does not make it likelier that the child would recover his eyesight.
 
 
 13
 The plaintiffs describe the school board's change of mind as a settlement, and if it was that, they are entitled to an award of attorney's fees. For the general principle, see Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574-75, 65 L.Ed.2d 653 (1980), and for its application to cases under 20 U.S.C. Sec. 1415(e)(4), Shelly C. v. Venus Independent School Dist., 878 F.2d 862, 864 (5th Cir.1989). But a settlement is the compromise of a dispute. If the board changed its mind for reasons unrelated to the legal proceeding (except in the "but for" sense), the change is not aptly described as a settlement. The plaintiffs got their way for a reason unrelated to the proceeding--that their child performed better in his second attempt at second grade.
 
 
 14
 Of course there is a sense in which the proceeding at least brought about a delay of one year in the transfer of their child; for the delay occurred only because the Browns requested a hearing and the hearing was postponed until very near the end of the school year. But we do not understand them to be seeking an award of fees for that "relief," which followed from the statute rather than from the legal proceeding that the request kicked off. We do not even know that the attorney advised them to make the request; it is highly probable, but not argued. And it is possible that the fee requested by the Browns, though modest, would be excessive if that advice was the only service rendered.
 
 
 15
 We have been emphasizing that the determination of whether a plaintiff was "prevailing" requires at a minimum a finding that the lawsuit he filed was a cause, in the same sense in which we speak of "cause" in tort and criminal law, of the attaining of his objective in bringing the suit. This point may have general applicability to fee-shifting statutes, most of which are similarly worded to 20 U.S.C. Sec. 1415(e)(4), but we shall not explore those ramifications here.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Hon. Robert A. Grant of the Northern District of Indiana, sitting by designation