Jesus FAVALA, Plaintiff–Appellant,

v.

CUMBERLAND ENGINEERING COMPANY, A DIVISION OF JOHN BROWN INCORPORATED, a Corporation, Defendant–Appellee.

No. 93-1895.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 9, 1993.

Decided Feb. 24, 1994.

Rehearing and Clarification Denied April 1, 1994.

Jerome H. Torshen, Steven Garmisa (argued), Torshen, Schoenfield & Spreyer, Chicago, IL, James L. Farina, J. Dillon Hoey, Eileen Kavanagh, Hoey & Farina, Chicago, IL, for plaintiff-appellant.

Robert J. Cozzi, Thomas J. Doell (argued), William R. Galliani, Galliani & Doell, Chicago, IL, for defendant-appellee.

Before FLOYD R. GIBSON,* CUMMINGS and FLAUM, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

Jesus Favala appeals the district court's entry of judgment on a jury verdict in favor of Cumberland Engineering Company. We vacate the judgment and remand for a new trial.

## I. BACKGROUND

Favala was injured in an accident that occurred during the course of his employment at Colver Leasing, Inc. While Favala was operating a "pelletizer," (a machine that uses rapidly rotating blades to cut long strands of plastic into small pieces) Favala's right hand became caught in the machine's rollers and drawn into the rotating blades. He tried to use his left hand to free his right hand, but his left hand also became caught and drawn into the blades. Both hands were

---

* The Honorable Floyd R. Gibson, Circuit Judge from the Eighth Circuit, is sitting by designation.

injured, with the left hand suffering the greatest damage.[1]

Favala sued his employer, Colver, and the pelletizer's manufacturer, Cumberland Engineering Company ("Cumberland"). The suit alleged that Cumberland[2] was negligent for failing to attach certain safety devices and warnings to the machine. During the course of discovery, Favala propounded a series of interrogatories to Cumberland that were answered in April 1989 by Roy Gerstenberg. At the time, Gerstenberg bore the title of Vice President of Product Integrity. His response to the interrogatories indicated he could not answer the questions without first personally inspecting the machine.

On May 1, 1989, Favala served Cumberland notice of his intent to depose Gerstenberg. On May 31, Cumberland had Gerstenberg sign a confidentiality agreement that, in pertinent part, prohibited him from divulging "the trade secrets and proprietary, confidential, private or non-published information relating to the business, operation or financial affairs of the Company...." In September 1989, Cumberland fired Gerstenberg for reasons unrelated to this case, and he began a consulting business. Favala then retained Gerstenberg's services. After several continuances, Favala took Gerstenberg's deposition on May 18, 1990.

Approximately one month later, Cumberland filed a motion to bar Gerstenberg from testifying at trial, alleging that permitting his testimony would violate Cumberland's attorney-client privilege and the confidentiality agreement. The motion averred that Gerstenberg "took part in all defense and discovery activities, and received copies of all correspondence between counsel and defendant discussing defense strategy, plans and goals, and, in short, served as the agent of the corporate defendant in the confidential development of the defense of this matter with defense counsel." Favala's response included an affidavit from Gerstenberg in which he stated that his only communications with Cumberland's attorney consisted of him pro-

viding facts and documents necessary to respond to discovery, and that had no knowledge about defense strategy, plans or goals. Cumberland's reply included an affidavit from its attorney specifying the dates and methods of his communications with Gerstenberg and alleging that he "kept [Gerstenberg] fully informed of all facts, impressions, strategies and plans for the defense of [Cumberland], including the pending case of *Favala v. Cumberland*."

The district court granted Cumberland's motion because it believed there was "no way to protect against the use of confidential information and trial strategy discussions...." It also indicated that its decision rested to some extent on the confidentiality agreement Gerstenberg had signed. The case proceeded to trial, and the jury entered a verdict in Cumberland's favor. Favala has appealed the verdict based on the district court's decision to bar Gerstenberg's testimony.

## II. DISCUSSION

The parties agree that Illinois law governs the scope and application of the attorney-client privilege because Illinois law governs the claims and defenses involved in this diversity suit. *Barrett Indus. Trucks, Inc. v. Old Republic Ins. Co.*, 129 F.R.D. 515, 516–17 (N.D.Ill.1990).

### A. The Existence of an Attorney-Client Relationship

The leading attorney-client case involving a corporation is *Consolidation Coal Co. v. Bucyrus-Erie Co.*, 89 Ill.2d 103, 59 Ill.Dec. 666, 432 N.E.2d 250 (1982). There, the Illinois Supreme Court adopted the "control-group" test to determine when the privilege applies in a corporate setting. Under this test, "an employee whose advisory role to top management in a particular area is such that a decision would not normally be made without his advice or opinion, and whose opinion in fact forms the basis of any final decision by those with actual authority,

---

1. We will not recount the extent of Favala's injuries because they are not germane to the issues on appeal and there is no dispute as to the origin or severity of his injuries.

2. The suit against Colver was settled prior to trial and is not an issue in this appeal.

is properly within the control group. However, the individuals upon whom he may rely for supplying information are not members of the control group." *Id.* 59 Ill.Dec. at 674, 432 N.E.2d at 258. The individual is not in the control group if his "role was one of supplying the factual bases upon which were predicated the opinions and recommendations of those who advised the decisionmakers." *Id.* Once it is determined that the employee is within the control group, the next step is to determine whether "the communication originated in a confidence that it would not be disclosed, was made to an attorney acting in his legal capacity for the purpose of securing legal advice or services, and remained confidential." *Id.* 59 Ill.Dec. at 673, 432 N.E.2d at 257. The burden of proof on these matters lies with the party asserting the privilege. *Id.*

■ In the case at bar, the record does not support the conclusion that Gerstenberg was a member of the control group. Indeed, this appears to be a matter of some dispute, as the conflicting affidavits demonstrate. It was improper for the court to decide, based on these conflicting affidavits, that Cumberland carried its burden of proving Gerstenberg was a member of the control group. Moreover, even if the allegations in Cumberland's motion and supporting affidavit are true, they do not demonstrate that Gerstenberg had decisionmaking authority with respect to this lawsuit.

## B. The Existence of Privileged Information

■ Our next concern focuses on the district court's conclusion that there was no way to allow Gerstenberg to testify and still protect privileged information. Assuming Gerstenberg was a member of the control group, we do not believe this conclusion is in accordance with either the law or the facts.

■ "A witness is not the property of either party to a suit and simply because one party may have conferred with a witness and even paid him for his expert advice does not render him incompetent to testify for the other party." *People v. Speck,* 41 Ill.2d 177, 242 N.E.2d 208, 221 (1968), *rev'd in part on other grounds,* 403 U.S. 946, 91 S.Ct. 2279, 29 L.Ed.2d 855 (1971). The attorney-client privilege protects only communications and is not a wholesale bar to a witness' accessibility. *Id.; Claxton v. Thackston,* 201 Ill.App.3d 232, 147 Ill.Dec. 82, 87, 559 N.E.2d 82, 87 (1990). Thus, in *Speck,* a fingerprint expert was permitted to testify for the prosecution because his "testimony was limited to expert opinion as to the fingerprints and there was no testimony as to any conversations between him and the defendant or defendant's attorney." *Speck,* 242 N.E.2d at 221.[3] Similarly, in *Claxton,* the court held that a member of the control group who witnessed the factual events giving rise to the lawsuit could not be required to disclose his communications to the corporation's attorney, but because "the privilege protects only the attorney-client communication itself[, o]pposing counsel is free to question a member of the control group about the underlying facts which were communicated." *Claxton,* 147 Ill.Dec. at 87, 559 N.E.2d at 87.

Thus, we conclude that Illinois law allowed Gerstenberg to testify so long as he did not divulge the substance or subject of his communications with Cumberland's attorney. This conclusion about Illinois law leads us to our concern about the facts: at no time—not during the deposition, in motions or argument before the district court, or in the briefs filed with this court—has Cumberland specified what part of Gerstenberg's testimony constitutes disclosure of attorney-client confidences. In fact, during oral argument, Cumberland's counsel conceded that the testimony in Gerstenberg's deposition did not cause any concern. In explaining why Cum-

---

**3.** Cumberland attempts to distinguish *Speck* by arguing the fingerprint expert was testifying about factual matters he had observed and not his opinions. Assuming the distinction is important (which we sincerely doubt), it is quite clear that testimony regarding fingerprint analysis is a matter of expert, opinion testimony. *See, e.g., Speck,* 242 N.E.2d at 221 (describing the testimo- ny as calling for an "expert opinion"); *Akers v. Atchison, Topeka & Santa Fe Ry.,* 187 Ill.App.3d 950, 135 Ill.Dec. 371, 375, 543 N.E.2d 939, 943 (1989) (describing facts in *Speck* thusly: "defendant hired a fingerprint expert to assist him in evaluating the evidence and to render an opinion.").

berland went to such lengths to bar Gerstenberg's testimony, we were told that there was a concern that Gerstenberg might divulge confidential matters during the course of his testimony. This generalized fear was not a reason to bar the witness in either *Speck* or *Claxton*, and does not justify the complete barring of Gerstenberg's testimony in this case.

### C. Trade Secrets

■ At oral argument, Cumberland's counsel conceded that Gerstenberg's deposition did not contain any trade secrets. Our review of Gerstenberg's deposition verifies this: Gerstenberg's deposition consists of expert opinions based on questions and facts presented by Favala's attorney. If Gerstenberg could testify at his deposition without violating the confidentiality agreement, then it would have been possible to do so at trial. The confidentiality agreement does not justify preventing Favala from calling Gerstenberg as a witness at trial.

### D. Remedy

■ In deciding whether Favala is entitled to a new trial, we must determine what effect, if any, to attach to Favala's failure to call Gerstenberg to the stand to testify or otherwise renew his resistance to Cumberland's motion. Cumberland contends these failures constitute a waiver of these issues. We disagree. The majority of our cases indicate that "the law in this circuit is that an unsuccessful motion in limine does preserve the issue for appeal...." *Allison v. Ticor Title Ins. Co.*, 979 F.2d 1187, 1200 (7th Cir. 1992) (citing cases); *see also Stutzman v. CRST, Inc.*, 997 F.2d 291, 298 (7th Cir.1993) (citing *Cook v. Hoppin*, 783 F.2d 684, 691 n. 2 (7th Cir.1986)); *but see United States v. York*, 933 F.2d 1343, 1360 (7th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 321, 116 L.Ed.2d 262 (1991). Conversely, it follows that once a motion in limine has been granted, there is no reason for the party losing the motion to try to present the evidence in order to preserve the issue for appeal. Favala's efforts with regard to this issue sufficiently apprised the court of his position, and Gerstenberg's deposition sufficiently ap-

prised the court about the nature of the testimony Favala sought to introduce. *Cf. Thronson v. Meisels,* 800 F.2d 136, 142 (7th Cir.1986).

■ Cumberland further contends Favala waived the issue by not accepting the court's invitation to renew this issue. We have treated such invitations as an indication that the court's ruling on the motion in limine is not final and is open to reconsideration; consequently, the failure to follow up on the invitation constitutes a waiver. *United States v. Hoyos,* 3 F.3d 232, 236 (7th Cir. 1993); *United States v. Addo,* 989 F.2d 238, 241–42 (7th Cir.1993). Our review of the district court's ruling reveals no such invitation. The court did indicate it would receive arguments about Gerstenberg's testimony as it related to facts he was personally aware of, but the court clearly indicated it would not allow Gerstenberg to testify as an expert. Favala does not now, nor did he ever, contend Gerstenberg possessed personal, first-hand knowledge of facts; he intended to rely on Gerstenberg as an expert. Consequently, Favala's failure to accept the court's limited invitation is not germane to the issue at hand.

■ Finally, we cannot agree with Cumberland's contention that the error was harmless. Though Favala did utilize expert testimony, Cumberland argued to the jury that Favala's engineer lacked experience in the plastics industry. Cumberland's contention that engineers with this experience "are thick on the ground in Chicago" is neither supported by the record nor relevant. Favala was entitled to select his experts and elicit their testimony barring a legitimate reason to deny him his choices—and as we stated above, no such reason exists in this case.

### III. CONCLUSION

The district court erred in barring all testimony from Gerstenberg because there was no showing the attorney-client privilege applied to Gerstenberg's testimony and, even if it did, because the existence of the privilege would not have justified completely barring his testimony. The district court also erred in barring the testimony based on the confi-

dentiality agreement because, by Cumberland's concession, Gerstenberg's testimony did not divulge confidential matters. We vacate the judgment and remand for further proceedings.