32 F.3d 1053
 93 Ed. Law Rep. 1143, 6 A.D.D. 500
 Jeffrey and Pat DELL, on their behalf and on behalf of Sean
Dell, a minor, Plaintiffs-Appellants,
v.
BOARD OF EDUCATION, TOWNSHIP HIGH SCHOOL DISTRICT 113, North
Suburban Special Education District, Illinois
State Board of Education, et al.,
Defendants-Appellees.
 No. 93-1206.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 12, 1994.
Decided Aug. 9, 1994.
 
 Marilyn F. Longwell and Diana Triplett Epstein (argued), Chicago, IL, for Jeffrey Dell and Pat Dell.
 Edward M. Kay, James T. Ferrini, Mark Seplak, Susan Condon, Imelda Terrazino (argued), Michael R. Grimm, Kevin P. Mohr, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, IL, for Board of Educ., Tp. High School Dist. 113 and North Suburban Special Educ. Dist.
 Gary M. Griffin, Mary Ellen Coghlan, Susan Frederick Rhodes (argued), Asst. Attys. Gen., Chicago, IL, for Illinois State Bd. of Educ. and Bonita Simon.
 Before RIPPLE and MANION, Circuit Judges, and SHARP, Chief District Judge.*
 RIPPLE, Circuit Judge.
 
 
 1
 This is an action for reimbursement and attorneys' fees brought under the Education of the Handicapped Act ("EHA"), 20 U.S.C. Sec. 1400 et seq., now entitled the Individuals with Disabilities Education Act ("IDEA" or "the Act").[1] Jeffrey and Pat Dell, the parents of Sean Dell, their handicapped child, instituted this lawsuit on behalf of themselves and their son. They sought reimbursement for an independent evaluation of Sean's educational needs. The suit was brought against various school districts ("the School District defendants"),[2] the Illinois State Board of Education, and two administrative hearing officers ("the State defendants").[3] The district court dismissed the original complaint because it was barred by the statute of limitations. With permission of the court, the Dells then amended their complaint to include a claim under 42 U.S.C. Sec. 1983, alleging procedural irregularities in the administrative proceedings. The district court first dismissed the amended complaint for failure to state a claim under Sec. 1983 against the School District defendants. In a later decision, the court entered judgment on the pleadings in favor of the State defendants. For the reasons that follow, we affirm in part and reverse and remand in part.
 
 
 2
 * BACKGROUND
 
 
 3
 A. The Statutory Scheme of the IDEA and its Precursors
 
 
 4
 Before we turn to the merits of the appeal brought by the Dells, we sketch the structure of the IDEA as it pertains to our later discussion. The purpose of the IDEA is "to ensure that children with disabilities receive an education that is both appropriate and free." Florence County Sch. Dist. Four v. Carter, --- U.S. ----, ----, 114 S.Ct. 361, 365, 126 L.Ed.2d 284 (1993) (citing School Comm. of Burlington v. Department of Educ. of Mass., 471 U.S. 359, 373, 105 S.Ct. 1996, 2004, 85 L.Ed.2d 385 (1985)). The Act provides federal revenues intended to "assist State and local efforts to provide programs to meet the educational needs of handicapped children in order to assure equal protection of the law." 20 U.S.C. Sec. 1400(b)(9). To receive funding, participating states must comply with the procedures set forth in the IDEA that guarantee a reasonable probability of educational benefits and supportive services at public expense. 20 U.S.C. Sec. 1412; Hendrick Hudson Dist. Board of Educ. v. Rowley, 458 U.S. 176, 188-89, 102 S.Ct. 3034, 3041-3042, 73 L.Ed.2d 690 (1982). The Act requires a state to determine what is uniquely "appropriate" for each child's education by preparing an "individualized education program" ("IEP") developed through the joint participation of the local education agency, the teacher, and the parents. 20 U.S.C. Secs. 1401(a)(18)-(20), 1412(4), 1414(a)(5).
 
 
 5
 Section 1415 of the IDEA imposes on the states elaborate procedural safeguards guaranteeing an appropriate education. The checks include the right to obtain educational testing of the child, called an "independent case study evaluation" or "ICSE." Section 1415 also provides a formal hearing to challenge the adequacy of the IEP when informal procedures have failed. After a complaint is brought to initiate such a formal hearing, an impartial Level I hearing is conducted by a local administrative officer. The Level I decision then may be appealed to a Level II hearing before another administrative officer appointed by the state department of education. Following the final administrative determination, the party aggrieved by the decision of the state educational agency has the right to challenge the decision through a civil action brought in either state or federal court. 20 U.S.C. Sec. 1415(e)(2).[4] The statutory provision simply grants the right to file suit, but does not specify the time period within which to bring it. The statute also permits courts to award reasonable attorneys' fees to parents, but does not set forth a deadline within which to file for the fees. 20 U.S.C. Sec. 1415(e)(4)(B).[5] This absence of an explicit statutory time bar for these two filings creates the basis for this appeal.
 
 B. Facts[6]
 
 6
 The Dells' son Sean is a handicapped child who has exhibited academic and behavioral difficulties throughout his school career. In their search to find appropriate education for Sean, the Dells obtained an ICSE. The parents then sought reimbursement for that evaluation from School District 113, in which Sean then was enrolled. In response, the school district requested a Level I hearing concerning the parents' right to reimbursement of the costs of their privately obtained ICSE.
 
 
 7
 The Level I hearing officer, Bonita Simon, found that School District 113 had failed to provide an adequate evaluation of Sean and had acted in bad faith by neither evaluating the Dells' son nor considering the recommendations of the independent evaluator. The officer concluded that the school district had violated Sean's right to a free and appropriate public education. However, the hearing officer also found that the costs submitted by the independent evaluator for the ICSE were excessive. Accordingly, she required the school district to reimburse the parents for only the usual and customary costs for educational assessment.
 
 
 8
 Both parties sought a Level II review of that decision. The Level II review officer, Martin Malin, conducted a de novo review of the administrative record and received briefs and exhibits submitted by the parties. The Level II determination, affirming the Level I decision and ordering the school district to reimburse the Dells in the amount of $2,000 for the ICSE, was sent to the parties by certified mail on November 13, 1989.
 
 
 9
 On March 14, 1990, the Dells brought an action in the Circuit Court of Cook County alleging that Sean was denied his right to a free public education in violation of the School Code of Illinois, Ill.Rev.Stat. ch. 122, p 14-1.01 et seq. (now 105 ILCS 5/14-1.01 et seq.), and "all other laws and regulations." R.1. The defendants removed the action to federal court on the ground that the Dells' action arose at least in part under the IDEA.
 
 C. Judicial Proceedings
 
 10
 The district court agreed with the magistrate judge's report and recommendation and granted the School District defendants' motion to dismiss the Dells' original complaint[7] as untimely. The court determined that the complaint was filed one day later[8] than the statutory 120-day limitation period for judicial review of an administrative decision under the Illinois School Code, Ill.Rev.Stat. ch. 122, p 14-8.02(j),[9] which the court found to be the statute most closely analogous to the Act and most consistent with the policies underlying it. After concluding that the School Code's limitation period applied equally to Sec. 1415(e)(2) actions for costs and to Sec. 1415(e)(4) actions for attorneys' fees, it determined that both were untimely filed. Although dismissing this complaint as time-barred,[10] the court permitted the Dells to file an amended complaint with a new count.
 
 
 11
 The Dells then amended their complaint to bring a Sec. 1983 claim against the defendants. In this count, they claimed a deprivation of their Fifth and Fourteenth Amendment rights on the ground of procedural irregularities in the administrative proceedings. The complaint alleged conflicts of interest and bias on the part of the Level I hearing officer Bonita Simon. It stated that Ms. Simon was an Administrator in the DuPage/West Cook Regional Special Education Association, and that the Association's legal counsel was a member of the law firm which had represented the School District defendants during the administrative hearings before Ms. Simon. The complaint alleged that Ms. Simon thus had an attorney-client relationship with the attorney representing the School District defendants in the action before her, and that as a result she was potentially or actually prejudiced in favor of that attorney in the Level I hearing. The complaint sought costs and attorneys' fees resulting from the denial of a fair and impartial hearing.
 
 
 12
 On July 17, 1992, the district court adopted the magistrate judge's October 25, 1991 report and recommendation, and found no basis for a constitutionally-required disqualification of the hearing officer. The court held that Ms. Simon did not have a personal attorney-client relationship with the attorney representing the School District defendants. Because the plaintiffs did not plead that Ms. Simon knew of the attorney-client relationship involving her employer and the firm representing the School District defendants, the plaintiffs did not show any bias on the part of Ms. Simon. Concluding that the hearing officer had no "direct, personal, substantial, pecuniary interest in reaching a conclusion against" the Dells, Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821-22, 106 S.Ct. 1580, 1585, 89 L.Ed.2d 823 (1986), the court dismissed the complaint for failure to state a claim under Sec. 1983. The district court subsequently granted the State defendants' motion for judgment on the pleadings on the same grounds.
 
 
 13
 On appeal, the Dells challenge the district court's dismissal of their complaints. They contend that neither the judicial review of the administrative decision concerning reimbursement nor their request for attorneys' fees was time-barred by Sec. 8.02(j) of the Illinois School Code. They also claim that the district court erred in dismissing their Sec. 1983 allegation because it failed to take account of the hearing officer's lack of impartiality. Finally, they contend that the State defendants do not have Eleventh Amendment immunity. We consider each of these issues in turn.
 
 II
 DISMISSAL OF IDEA CLAIMS
 A. Scope of Review
 
 14
 The IDEA states that a court "shall receive the record of the [state] administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. Sec. 1415(e)(2). In Hendrick Hudson District Board of Education v. Rowley, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), the Supreme Court reminded reviewing courts that, in undertaking these responsibilities, they must remain cognizant of the "obligations, largely procedural in nature, which are imposed upon recipient States by Congress," and may not "substitute their own notions of sound educational policy for those of the school authorities which they review." Id. at 206, 102 S.Ct. at 3050. Indeed, in Rowley, the Court set forth specific steps in a judicial review:Therefore, a court's inquiry in suits brought under Sec. 1415(e)(2) is twofold. First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits? If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more.
 
 
 15
 Id. at 206-07, 102 S.Ct. at 3051. Our court has recognized the need to limit review of administrative decisions made under the IDEA and its precursors "[b]ecause judges are not trained educators." Board of Educ. of Community Consol. Sch. Dist. No. 21 v. Illinois State Bd. of Educ., 938 F.2d 712, 715 (7th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 957, 117 L.Ed.2d 124 (1992). However, the district court's decision to grant the motion to dismiss the complaint is one we review de novo. Family & Children's Ctr. v. School City, 13 F.3d 1052, 1057 (7th Cir.1994). Moreover, our review of the district court's interpretation of the federal and state statutes at issue here is, of course, de novo. Erickson v. Trinity Theatre, Inc., 13 F.3d 1061, 1067 (7th Cir.1994).
 
 
 16
 B. Statute of Limitations Barring Reimbursement
 
 
 17
 Congress oftentimes fails to provide a statute of limitations in federal legislation. See Board of Regents v. Tomanio, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). When this absence occurs in federal statutes enacted before December 1, 1990,[11] the federal courts, left without guidance on an issue that is quintessentially legislative in nature, must "borrow" a limitations period. This process, a substitute for the legislative process and therefore not a methodology that fits comfortably with the exercise of judicial authority, has been described recently by the court as one that is "at best uncertain and at worst arbitrary." McCartney C. v. Herrin Community Unit Sch. Dist. No. 4, 21 F.3d 173, 174 (7th Cir.1994).[12] As a general rule, the most analogous state limitation period is "borrowed." Wilson v. Garcia, 471 U.S. 261, 266-67, 105 S.Ct. 1938, 1941-42, 85 L.Ed.2d 254 (1985). More recently, however, the Supreme Court has noted that federal courts may also borrow from another federal statute if that statute is clearly more analogous to the legislation than the state statutes, see DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 171-72, 103 S.Ct. 2281, 2294-95, 76 L.Ed.2d 476 (1983), and if the state statutes of limitation are "unsatisfactory vehicles" for enforcing the federal law, id. at 161, 103 S.Ct. at 2289. See also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 355-56, 111 S.Ct. 2773, 2777-79, 115 L.Ed.2d 321 (1991) (stating that the Court looks to federal law "when the operation of a state limitations period would frustrate the policies embraced by the federal enactment"). It is still understood, therefore, that "Congress ordinarily 'intends by its silence that we borrow state law,' " id. (quoting Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143, 147, 107 S.Ct. 2759, 2762, 97 L.Ed.2d 121 (1987)), and therefore the use of a federal statute of limitations remains a "closely circumscribed exception," id. (quoting Reed v. United Transp. Union, 488 U.S. 319, 324, 109 S.Ct. 621, 625, 102 L.Ed.2d 665 (1989)).
 
 
 18
 In the case before us, we must determine whether the plaintiffs' complaint seeking review under Sec. 1415(e)(2) is time-barred. The IDEA contains no limitations period. Therefore, following the methodology outlined above, we must look to the state statute of limitations most analogous to the federal law, Wilson, 471 U.S. at 266-68, 105 S.Ct. at 1941-43, unless that limitation is inconsistent with federal law or policy, or to an analogous federal statute. DelCostello, 462 U.S. at 162, 103 S.Ct. at 2289; see also Agency Holding Corp., 483 U.S. at 147, 107 S.Ct. at 2762. In this case, the district court applied the statutory time period of the Illinois School Code, 105 ILCS 5/14-8.02(j), which provides that an aggrieved party has the right to bring a civil action, and that the action "may be brought ... within 120 days after a copy of the decision is mailed to the party."
 
 
 19
 The Dells submit that the 120-day statute of limitations is too short a time period. Notably, however, they do not suggest a particular statute more analogous to the IDEA's provisions that the court should borrow.[13] Indeed, had the defendants pressed the point, they might well have been able to prevail solely on the ground that the Dells had waived the use of another statute of limitations by not having suggested affirmatively a particular limitation more appropriate than the one employed by the district court. Cf. United States v. Ewings, 936 F.2d 903, 909 (7th Cir.1991) (holding that defendant's rejection of court's jury instruction without proposing another instruction constitutes an affirmative waiver of his right to an instruction). Our own review of other Illinois alternatives has not produced a more reasonably analogous statute.[14] We also have considered the alternative of borrowing a limitations period from an analogous federal statute. However, no party has suggested an analogous federal limitations period that would provide a closer analogy, one more appropriate to federal policy concerns and the practicalities of litigation. We note that other courts facing this issue have not identified an acceptable federal analogue. The federal caselaw considering statutes of limitations applicable to the IDEA reflects that state statutes, albeit state statutes of a broad variety, are consistently borrowed.[15]
 
 
 20
 Paragraph 14-8.02(j) of the Illinois School Code is remarkably analogous in its wording and intent to Sec. 1415(e)(2) of IDEA.[16] Indeed, the School Code was amended in 1978 in order to bring Illinois fully into compliance with the funding provisions of the IDEA's predecessor. See Elliot v. Board of Educ., 64 Ill.App.3d 229, 20 Ill.Dec. 928, 934 n. 5, 380 N.E.2d 1137, 1143 n. 5 (1978). This court has commented on the identity of the procedures found in these laws:
 
 
 21
 The state of Illinois has established a set of procedures parallel to those contained in the EHA to ensure that it meets the requirement of the [IDEA]. Compare 20 U.S.C. Sec. 1401, 1415 with Ill.Rev.Stat. ch. 122 pp 14-1.02, 14-8.02.
 
 
 22
 School Dist. No. 21, 938 F.2d at 715 n. 3. We conclude, as did the district court, that the Illinois School Code provision is most closely analogous to the IDEA, and that the School Code's limitations period should be borrowed for an action under the IDEA.
 
 
 23
 Now that we have found the most analogous state limitation period, we must consider whether that time period is consistent with the underlying policy objectives of the IDEA. See County of Oneida v. Oneida Indian Nation, 470 U.S. 226, 240, 105 S.Ct. 1245, 1254, 84 L.Ed.2d 169 (1985) (stating general rule for "borrowing" state limitations periods "provided that the application of the state statute would not be inconsistent with underlying federal policies"). The Dells assert that the 120-day limitation period is contrary to IDEA policy, which protects the rights of students and parents, and subjects the school district rather than the parents to rigorous procedural requirements. We agree that the principal goal of the IDEA is to protect the educational rights of the handicapped student and to maintain the involvement of that child's parents in the education choices for their child. However, to succeed in safeguarding the student, the IDEA's policies encourage the prompt, rather than protracted, resolution of disputes concerning the disabled student's education. See 121 Cong.Rec. 37416, 94th Cong., 1st Sess. (Nov. 19, 1975) (statement in final Senate debate by Senator Williams, the principal author of the bill, stating that delay in resolving education matters is detrimental to the development of a handicapped child). The statute establishes expeditious administrative reviews: a due process hearing conducted within 45 days of the request, and a review of that decision within 30 days of the request. See Sec. 1415(b) & (c); 34 C.F.R. Sec. 300.512(a) & (b). We believe that a time limitation of 120 days for filing a judicial review action from the final administrative decision is certainly compatible with that legislative scheme. Moreover, because delay in the resolution of any proceedings brought under Sec. 1415 can delay a change in the child's educational program, see 20 U.S.C. Sec. 1415(e)(3),[17] a short limitations period is consistent with the IDEA's goal of prompt resolution of disputes and proper placement of the child.
 
 
 24
 We therefore cannot accept the Dells' submission that, although the 120-day time limitation may perhaps be appropriate to placement issues involving the child's education, it is not the appropriate limitation for reimbursement disputes. In their view, a shorter time period for reviewing reimbursement decisions unduly limits the parents' right to recover their expenses and serves no purpose under the IDEA. Whatever the initial appeal of this argument, it cannot withstand sustained analysis. First, as we have already noted, Congress quite clearly intended that "all hearings and reviews conducted pursuant to [the IDEA] be commenced and disposed of as quickly as practicable." 121 Cong.Rec. 37416 (1975) (statement of the legislation's principal author, Senator Williams). The IDEA clearly reflects a goal of avoiding delay in resolving education questions and in meeting the educational needs of the disabled child. To accomplish this goal, the resolution of all disputes under Sec. 1415 between parents and schools, including cost and reimbursement issues, must be resolved quickly for the sake of the handicapped child.
 
 
 25
 We agree with our colleagues in the First Circuit that, in determining whether a short statute of limitations is compatible with the federal purpose of the IDEA, it is important to keep in mind that the statute basically provides for review of an administrative process. "[C]ourts reviewing agency decisions under the IDEA will rely primarily on the administrative record." Amann v. Town of Stow, 991 F.2d 929, 931 (1st Cir.1993).[18] The relevant provisions of the Illinois Code require that the administrative hearings be conducted according to a tight time schedule.[19] Just as all deadlines throughout the administrative process are short, the review of that process also should take place within a short period of time. See Spiegler v. District of Columbia, 866 F.2d 461, 465-66 (D.C.Cir.1989) (holding that a suit under Sec. 1415 is sufficiently analogous to an appeal from an administrative decision to permit borrowing the local limitation for administrative appeals); Adler by Adler v. Education Dep't, 760 F.2d 454, 459-60 (2d Cir.1985) (noting that even when the issue is "one of dollars-and-cents reimbursement" a short statute of limitations is compatible with the purposes of the IDEA); see also Time to Learn, 1991 U.Chi.Legal F. 315 (recommending administrative appeals statutes as the most analogous state statutes to borrow and as fully consistent with policy objectives).[20]
 
 
 26
 Although Congress might have intended to "unbundle" the placement and reimbursement issues, it did not do so. Certainly, separating the two issues was not necessary to preserve any federal policy. The Illinois School Code is compatible with the federal policy objective of prompt dispute resolution; indeed, it grants a more generous time period than the state's administrative appeals statute, which allows only 35 days for filing. Accordingly, because the 120-day period is the most analogous to the IDEA provisions and most compatible with the IDEA's policy considerations, the district court properly borrowed the state statute of limitations found in p 14-8.02(j) of the Illinois School Code.
 
 
 27
 The Dells also claim that, even if the 120-day statute of limitations is applicable, it ought not apply to their case for equitable reasons. More specifically, they claim that they were not given express notice of the applicable limitation period. In Spiegler, 866 F.2d at 468-69, the District of Columbia Circuit held that the doctrine of equitable tolling[21] ought to be extended to review of an administrative proceeding in which the parents were not informed of the applicability of the short 30-day limitations period. Applicability of this doctrine is, of course, fact-specific, and we see no reason why it ought to apply in the present case. The Dells were represented by counsel. Their complaint was brought originally under the Illinois School Code. R.1, p 2. Indeed, as the magistrate judge pointed out, their complaint referred specifically to the 120-day limitations period. R.1, p 16. The Dells have offered no reason for the delay in their filing. Under these circumstances, an argument for equitable tolling is not persuasive.
 
 
 28
 Accordingly, we uphold the district court's decision to dismiss the complaint as time-barred by the School Code's 120-day limitation provision.
 
 
 29
 C. Statute of Limitations Barring Attorneys' Fees
 
 
 30
 The Dells also challenge the district court's ruling that the 120-day statute of limitations bars their request for attorneys' fees. In the Dells' view, the district court should have borrowed either the 2-year or the 5-year Illinois statute of limitations.[22] The Dells submit that the 5-year period is the more appropriate, but also advise that we need not choose between the two; we need only to decide that the 120-day period does not apply. In reply, the defendants, arguing in support of the 120-day limitation, characterize the request for attorneys' fees as ancillary to the judicial review of the final administrative decision pursuant to 20 U.S.C. Sec. 1415(e)(2) and p 14-8.02(j) of the Illinois School Code. The request for attorneys' fees is not, in their view, an independent action for attorneys' fees brought under Sec. 1415(e)(4)(B). Rather, it is simply part of the ongoing administrative action.
 
 
 31
 This issue places us in the same predicament that we encountered in the earlier portions of this opinion. The issue before us--the appropriate limitations period--is essentially a legislative matter. The Congress, however, has given us no definitive guidance and very little indirect help. The result has been a great disparity of judicial decisions throughout the nation.[23] As we face this quandary, two recent decisions of this circuit provide, we believe, a good starting point for our analysis. Although neither answers directly the question before us, each provides valuable insights into the attorneys' fee structure of the IDEA that can guide our choice with respect to the appropriate statute of limitations.
 
 
 32
 In Brown v. Griggsville Community Unit School District No. 4, 12 F.3d 681 (7th Cir.1993), the court noted, in some detail, the uniqueness of the attorneys' fee provisions of IDEA. We pointed out that, although the statutory language was indeed ambiguous, the great weight of judicial authority has held that a litigant can recover in the district court for attorneys' fees both in that court and in the earlier state administrative proceedings. Id. at 683-84. In McCartney C. v. Herrin Community Unit School District No. 4, 21 F.3d 173 (7th Cir.1994), we reiterated this observation by noting that, under IDEA, a parent "may bring an independent suit in federal district court under 20 U.S.C. Sec. 1415(e)(2) to obtain, pursuant to Sec. 1415(e)(4)(B), reimbursement of the attorneys' fees expended in obtaining that relief." Id. at 174.
 
 
 33
 In McCartney C., the appropriate statute of limitations in attorneys' fee suits was not at issue.[24] The issue in that case was the identification of the event that triggered the running of the statute of limitations--the rendition of the Level II decision, or the finality of the Level II decision by the expiration of the time in which suit may be brought or by the finality of the judicial action, if suit is brought. Our court determined that the latter choice was the better one. A party has 120 days in which to challenge the Level II decision; only after that time has elapsed without the district court's jurisdiction having been invoked or, if the court's jurisdiction is invoked, until 120 days after the judicial decision upholding the Level II decision has become final, are the administrative and judicial remedies exhausted. Not until then does a parent know definitively whether there is a claim to attorneys' fees. Id. at 175.
 
 
 34
 In deciding upon this approach, our court, while noting the unique nature of attorneys' fees under the IDEA, also acknowledged that this uniqueness did not require that the attorneys' fee issue be addressed at a juncture in the litigation that was different from that used in the administration of most attorneys' fee statutes. We pointed out that, in most attorneys' fee situations, the party who prevails in the lower echelons of review may wait until appeals are exhausted and the actual and total liability for attorneys' fees is ascertainable. Id. at 175. By permitting the IDEA attorneys' fee issue to be deferred until the possibility of further review has been exhausted, the court treated the attorneys' fee claim in this situation as other attorneys' fee situations are treated--an approach that usually results in significant judicial economy by relieving the courts of a "blizzard of protective suits filed before the plaintiff knows whether he has even a ghost of a chance of obtaining relief." Id. at 176.
 
 
 35
 Against this background, we now turn to the issue at hand--the applicable limitations period for the determination of attorneys' fees under IDEA. Although McCartney C. decided that attorneys' fee matters can be postponed until the end of the litigation on the merits, it did not address how long a claimant may wait after the rendition of the merits decision to request those fees. Here, our earlier acknowledgement in Brown and again in McCartney C. of the unique characteristics of attorneys' fees in IDEA suits is helpful. In awarding attorneys' fees, the district court must review not only proceedings in its own court but also proceedings in a state administrative environment with which it may not be very familiar. A return to this quagmire months after adjudication of the merits would result in a needless expenditure of judicial energy. Although the promptness of the decision may not be as important here as in other IDEA situations, both the school district and the parents still have an interest--along with the attorney--in the expeditious resolution of this matter. Moreover, by the end of the administrative proceedings and any subsequent judicial review, the parties ought to have a good idea of the extent and quality of representation, and long-term deferral of the issue simply serves no salutary purpose. These considerations suggest that there is considerable wisdom in the approach suggested by Judge Kocoras, one of our colleagues on the district bench of the Northern District of Illinois, that it was preferable to "apply a statute of limitations which finds some relevance to the administration of the IDEA itself." Reed v. Mokena School District No. 159, No. 94 C 476, 1994 WL 163989, at * 3 (N.D.Ill. Apr. 29, 1994) (unpublished opinion). Accordingly, we believe that the most prudent course is to utilize the 120-day limitation found in the Illinois School Code as the governing statute of limitations. We believe that the use of this limitations period, when combined with the accrual period established by our earlier opinion in McCartney C., best promotes the purposes of IDEA. As a result, we remand the attorneys' fee issue to the district court for redetermination in light of these limitations and accrual periods.[25]
 
 III
 THE Sec. 1983 CLAIM
 
 36
 The Dells' second amended complaint was brought under 42 U.S.C. Sec. 1983. It alleged that the Level I hearing officer, Bonita Simon, "had a client-attorney relationship with the attorney representing" the School District defendants; that she failed to disclose that potential conflict of interest; and that she "was potentially or actually prejudiced in favor of the attorney representing [the School District defendants] in the Level I hearing." Second amended complaint pp 23, 28, 29. The Dells alleged that, as a consequence of the hearing officer's bias, they were denied a fair and impartial hearing in violation of their due process rights. Id. at p 32A. The complaint sought a declaration that the defendants had denied the Dells' constitutional rights as well as damages, measured by the costs of the ICSE and of the administrative proceedings and by the replenishment of depleted insurance benefits. In the alternative, the Dells sought a new hearing on the issue of the independent evaluation costs.
 
 
 37
 The district court held that Hearing Officer Simon's "attenuated relationship" with defendants' attorney could not, as a matter of law, constitute a due process violation. The court dismissed the second amended complaint and the School District defendants as party defendants in its Order of July 17, 1992, and granted judgment on the pleadings in favor of the State defendants in its Order of December 28, 1992.
 
 
 38
 The Dells contend that the impartiality of the adjudication process is compromised if the responsibility to disclose potential conflicts is not placed squarely on the hearing officers and agencies. The Dells claim that their complaint sufficiently inferred that Hearing Officer Simon had knowledge of the attorney-client relationship through its allegations (1) that Ms. Simon held an administrative position in the DuPage/West Cook Regional Special Education Association that employed the school district attorneys, and (2) therefore that Simon and the attorney had a client-attorney relationship.
 
 
 39
 We consider the sufficiency of the second amended complaint under long-established principles. We conduct a de novo review both of the dismissal for failure to state a claim, Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 733 (7th Cir.1994), and of the judgment on the pleadings, Craigs, Inc. v. General Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir.1993). We accept the complaint's well-pleaded allegations, as well as any inferences reasonably drawn from the allegations, as true. Yeksigian v. Nappi, 900 F.2d 101, 102 (7th Cir.1990). We also view the facts in the complaint in the light most favorable to the nonmoving party. Craigs, 12 F.3d at 688. Finally, we must refrain from imposing a heightened pleading requirement on this civil rights action. Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit, --- U.S. ----, ----, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). A "short and plain statement of the claim showing that the pleader is entitled to relief" under Rule 8(a) is sufficient.
 
 
 40
 Having reviewed the Dells' second amended complaint in light of those guidelines, we believe the district court correctly assessed the Dells' failure to state a claim under 42 U.S.C. Sec. 1983. The district court concluded that the alleged relationship "is not the type of direct, personal and substantial interest that would result in a violation of the Dells' constitutional rights." Order at 5.
 
 
 41
 We agree with the district court that the complaint did not sufficiently allege a constitutional violation. Cf. Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821-22, 106 S.Ct. 1580, 1585-86, 89 L.Ed.2d 823 (1986) (holding that due process prohibits "subject[ing] a person's liberty or property to the judgment of a court the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case"). Ms. Simon was appointed as a Level I hearing officer in this case by the Illinois State Board of Education; she was employed by the DuPage/West Cook Regional Special Education Association ("DuPage"), which is not a party in this case, as Administrator in charge of Personnel, Diagnostics and Student Records. Mr. Alan Sraga, of the law firm of Scariano, Kula, Ellch & Himes, represented the School District defendants at the Level I hearing; that law firm has represented DuPage in other unrelated matters. However, the fact that both Ms. Simon and the Scariano law firm have been hired by DuPage does not necessarily create an attorney-client relationship. No allegation in the complaint suggests that Ms. Simon agreed to be a client of the Scariano firm or even knew that the School District was its client. Indeed, the complaint does not contain sufficient facts to substantiate that Ms. Simon was, by virtue of the position she held within the DuPage organization, a member of the "control group"[26] for purposes of the Scariano firm's representation.
 
 
 42
 There certainly is no allegation that Ms. Simon had a direct, personal, or pecuniary interest in the Dell case or that her actions at the hearing reflected bias or misconduct on her part. In Roland M. v. Concord School Committee, 910 F.2d 983, 995 (1st Cir.1990), cert. denied, 499 U.S. 912, 111 S.Ct. 1122, 113 L.Ed.2d 230 (1991), the appellants alleged that the hearing officer's bias against their counsel violated their constitutional right to due process and their statutory right to "an impartial due process hearing" under 20 U.S.C. Sec. 1415(b)(2). The First Circuit pointed out that "Congress' special emphasis on the provision of procedural protections springs from the hope that an abundance of process and parental involvement will help ensure the creation of satisfactory IEPs acceptable to all concerned."[27] The First Circuit nevertheless found no merit to the claim:
 
 
 43
 There is nothing to indicate that the hearing officer based his decision on actual bias or hostility toward the parents or their counsel. The record is similarly barren of any credible suggestion that the hearing officer prejudged facts.... The parents' attorney was permitted to present evidence, examine witnesses, argue, and object--prerogatives which he exercised vigorously. When asserted, objections were fully considered. When rejected, explanations were generally given. No more was required. The parents' procedural rights, constitutional and statutory, were carefully protected in the conduct of the administrative hearings.
 
 
 44
 Id. at 997-98 (citations omitted). Our review of the record in this case reveals the same impartial procedural sufficiency and fails to support the Dells' claim of bias. We accord administrative decisionmakers the presumption that they acted in a fair and impartial manner. Chapman v. United States Commodity Futures Trading Comm'n, 788 F.2d 408, 411 (7th Cir.1986). Without an allegation of a factual basis revealing the bias or prejudice, the Dells have failed to rebut this presumption. Consequently, we conclude that the district court properly decided that the Dells had failed to state a claim upon which relief could be granted.[28]
 
 Conclusion
 
 45
 For the foregoing reasons, the judgment of the district court is affirmed in part and reversed and remanded in part. The parties shall bear their own costs on this appeal.
 
 
 46
 AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART.
 
 
 
 *
 The Honorable Allen Sharp, Chief District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 The IDEA was previously entitled the Education for All Handicapped Children Act and the Education of the Handicapped Act. The Act's 1990 amendment, substituting the new title, involved no change in text. We therefore shall employ the present title, the Individuals with Disabilities Education Act
 
 
 [2]
 The School District defendants include the Board of Education of Township High School District 113, North Suburban Special Education District, and the boards of education in other districts in which Sean Dell had been enrolled
 
 
 [3]
 The State defendants include the Illinois State Board of Education and the two hearing officers employed by the Illinois State Board of Education, Bonita Simon and Martin Malin, each of whom conducted administrative hearings in this case
 
 
 [4]
 20 U.S.C. Sec. 1415(e)(2) provides:
 Any party aggrieved by the findings and decision made under subsection[s] (b) [or] ... (c) of this section shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.
 
 
 [5]
 20 U.S.C. Sec. 1415(e)(4)(B) provides:
 In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party.
 
 
 [6]
 We present the factual and procedural background to this case in summary form. Greater detail of the underlying circumstances can be found in the district court's unpublished Memorandum Opinion and Order of April 2, 1991, 1991 WL 49617 (N.D.Ill.1991), and the magistrate judge's unpublished Memorandum Opinion of December 28, 1992, 1992 WL 394684 (N.D.Ill.1992)
 
 
 [7]
 The defendants that filed motions to dismiss were the Board of Education of District 113, North Suburban Special Education District (NSSED), and other local school district boards of education. The State defendants withdrew their motions to dismiss and answered the complaint
 
 
 [8]
 The time period between the mailing of the Level II decision on November 13, 1989 and the Dells' filing of their complaint on March 14, 1990 was 121 days. There is no dispute about the dates involved or the calculation of 121 days
 
 
 [9]
 Paragraph 14-8.02(j) of the Illinois School Code, recodified (k) as of Sept. 13, 1992, provides:
 (j) Any party aggrieved by the decision of the reviewing officer, including the parent or guardian, shall have the right to bring a civil action with respect to the complaint presented pursuant to this Section, which action may be brought in any Circuit Court of competent jurisdiction within 120 days after a copy of the decision is mailed to the party.
 
 
 [10]
 The complaint also contained a count seeking reimbursement for other expenses incurred. That count, dismissed for failure to exhaust administrative remedies, is not before this court
 
 
 [11]
 In 28 U.S.C. Sec. 1658, Congress determined that, in the absence of a more explicit legislative directive, a limitations period of 4 years is applicable to any federal statute enacted after December 1, 1990
 
 
 [12]
 McCartney C. listed the following cases that expressed discomfort with this judicial role: Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 355-58, 111 S.Ct. 2773, 2777-80, 115 L.Ed.2d 321 (1991); Wilson v. Garcia, 471 U.S. 261, 272 n. 24, 105 S.Ct. 1938, 1944 n. 24, 85 L.Ed.2d 254 (1985); DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 158-62, 103 S.Ct. 2281, 2287-89, 76 L.Ed.2d 476 (1983); Agency Holding Corp. v. Malley-Duff & Assoc., 483 U.S. 143, 169, 107 S.Ct. 2759, 2774, 97 L.Ed.2d 121 (1987) (Scalia, J., concurring); Short v. Belleville Shoe Mfg. Co., 908 F.2d 1385, 1394 (7th Cir.1990), (Posner, J., concurring), cert. denied, 501 U.S. 1250, 111 S.Ct. 2887, 115 L.Ed.2d 1052 (1991)
 
 
 [13]
 Only with respect to the attorneys' fee action do the Dells suggest borrowing either the two-year or five-year limitations periods. See Part II.C, infra
 
 
 [14]
 Among those we have reviewed are the Illinois' two-year personal injury action limitation (735 ILCS 5/13-202); its five-year catch-all statute of limitations, which encompasses actions on unwritten contracts, arbitration awards, injury done to property, recovered possession of personal property or damages for detention or conversion thereof, and all civil actions not otherwise provided for (735 ILCS 5/13-205); the limit of one year on actions against school districts for injury to person or property (745 ILCS 25/2); and the 35-day limitation for administrative review actions (735 ILCS 5/3-103)
 
 
 [15]
 The decisions from federal courts of appeals regarding limitations periods include the following:
 See Murphy v. Timberlane Regional Sch. Dist., 22 F.3d 1186, 1194 (1st Cir.1994) (applying New Hampshire's six-year catch-all limitation for personal injuries to issue of entitlement to compensatory educational services); Dreher v. Amphitheater Unified Sch. Dist., 22 F.3d 228, 232 (9th Cir.1994) (applying one-year period for statutory liabilities other than penalty or forfeiture to issue of school district's refusal to grant hearing concerning financial responsibility); McCartney C., 21 F.3d at 174 (acknowledging parties' agreement that 120-day limitation period found in Illinois School Code is proper statute under IDEA); Amann v. Town of Stow, 991 F.2d 929, 931-33 (1st Cir.1993) (adopting thirty-day administrative review limitation period for issue of adequacy of IEP); Spiegler v. District of Columbia, 866 F.2d 461, 466 (D.C.Cir.1989) (endorsing thirty-day administrative review limitation for issue of appropriateness of placement); Schimmel by Schimmel v. Spillane, 819 F.2d 477, 483 (4th Cir.1987) (choosing one-year limitation period applicable to personal actions as applicable to issue of inappropriate education); Janzen v. Knox County Bd. of Educ., 790 F.2d 484, 489 (6th Cir.1986) (applying three-year limitation for property tort claims to IDEA action for reimbursement); Adler by Adler v. Education Dept., 760 F.2d 454, 459 (2d Cir.1985) (applying 120-day statutory limitation on review of administrative decisions regarding handicapped children to action for reimbursement); Scokin v. Texas, 723 F.2d 432, 438 (5th Cir.1984) (applying two-year tort statute of limitations to issue of appropriate placement); Department of Educ. v. Carl D., 695 F.2d 1154, 1157 (9th Cir.1983) (applying thirty-day administrative review period to issue of financial responsibility); Tokarcik v. Forest Hills Sch. Dist., 665 F.2d 443, 454 (3d Cir.1981) (reviewing challenge to IEP, rejecting thirty-day period as too short, suggesting in dictum that two-year limitation for personal injury and medical malpractice actions should apply), cert. denied, 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982).
 
 
 [16]
 The text of each of the two statutes is set out at footnotes 4 and 9 respectively
 
 
 [17]
 The Illinois School Code mirrors that policy in 105 ILCS 5/14-8.02(k)
 
 
 [18]
 It should be noted, however, that the reviewing court is not limited to a review of the procedural requirements of the state's administrative scheme, but must also determine whether, by a preponderance of the evidence, the developed IEP is "reasonably calculated to permit the child to receive educational benefits." Board of Educ. v. Rowley, 458 U.S. 176, 206-07, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982). Of course, courts are not free to substitute their own notions of sound educational policy for that of the school authorities. Id. at 206, 102 S.Ct. at 3050
 
 
 [19]
 The applicable federal regulations implementing the statute require that the administrative hearing be held within 45 days of the request for such a hearing and that a decision be reached within 30 days. 34 C.F.R. Sec. 300.512(a)
 
 
 [20]
 In Murphy v. Timberlane Regional School District, 22 F.3d 1186 (1st Cir.1994), the First Circuit held that a longer statute of limitations was appropriate in an action to provide, through injunctive relief, a handicapped student with a compensatory education for a period in which he had received no educational services because the parties had failed to agree on an appropriate IEP. Although the issue had been addressed previously in state administrative proceedings and dismissed on the ground of laches, the district court, although at first convening an evidentiary hearing on laches issue, decided, without objection from the parties, to adjudicate the compensatory claim on the merits. The court of appeals was of the view that this "peculiar procedural warp" was the "defining feature of the limitation to be borrowed from New Hampshire law." Id. at 1191. In determining that the state's catch-all limitation ought to be applied, the court placed great weight on the fact that the court was not reviewing an administrative hearing and therefore none of the considerations that, in the administrative context, counsel in favor of expeditious review were controlling. Notably, however, it specifically distinguished Bow School District v. Quentin W., 750 F.Supp. 546 (D.N.H.1990), a case which, like the one before us, included a claim for reimbursement of expenses incurred by the parents
 
 
 [21]
 This court has said that "[e]quitable tolling just means that without any fault of either party the plaintiff does not have enough information to sue within the period of limitations." Tregenza v. Great Am. Communications Co., 12 F.3d 717, 721 (7th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1837, 128 L.Ed.2d 465 (1994)
 
 
 [22]
 See nn. 14 & 15 supra
 
 
 [23]
 To date, no appellate court decisions have discussed the borrowing of an appropriate statute of limitations for attorneys' fees under the IDEA. The following cases that have considered other aspects of the attorneys' fee issue: McCartney C. v. Herrin Comm. Unit Sch. Dist., 21 F.3d 173 (7th Cir.1994) (holding that statute of limitations begins to run when administrative decision is final); W.G. v. Senatore, 18 F.3d 60 (2d Cir.1994) (lacking subject matter jurisdiction to consider merits of post-settlement motion for fees); Borengasser v. Arkansas State Bd. of Educ., 996 F.2d 196 (8th Cir.1993) (stating fees should be awarded to "prevailing party" unless the award would be unjust); Hacienda La Puente Unified Sch. Dist. v. Honig, 976 F.2d 487 (9th Cir.1992) (holding that plaintiffs who won in administrative proceedings were "prevailing party"); Heldman v. Sobol, 962 F.2d 148 (2d Cir.1992) (permitting challenge to state procedural method for selecting hearing officers to proceed without exhausting administrative remedies); and Tonya K. v. Board of Educ., 847 F.2d 1243 (7th Cir.1988) (holding that attorneys' fees are costs, not damages, and that withdrawn motion for attorneys' fees was a pending action that could be reinstated)
 The district courts that have borrowed limitations provisions for attorneys' fee requests include Bow Sch. Dist. v. Quentin W., 750 F.Supp. 546 (D.N.H.1990) (borrowing 30-day statute of limitations); James v. Nashua Sch. Dist., 720 F.Supp. 1053 (D.N.H.1989) (borrowing three-year personal injury statute of limitation); Michael M. v. Board of Educ., 686 F.Supp. 995 (E.D.N.Y.1988) (borrowing three-year limitation for actions to recover upon statutory liability); Max M. v. Illinois State Bd. of Educ., 684 F.Supp. 514 (N.D.Ill.1988) (holding that Local Rule 46 was not applicable for statute of limitations purposes); and Robert D. v. Sobel, 688 F.Supp. 861 (S.D.N.Y.1988) (borrowing three-year limitation for statutory liability actions). See also the following unpublished opinions, which we cite not as caselaw authority but as the source of helpful legal commentary on the issue before us: Reed v. Mokena Sch. Dist. No. 159, 1994 WL 163989 (N.D.Ill. April 29, 1994) (declining to adopt Local Rule 46 limitation period, following 120-day Illinois School Code statute of limitations); Christine C. v. Seneca Grade Sch. Dist. No. 170, 1993 WL 294021 (N.D.Ill. Aug. 5, 1993) and 1992 WL 220627 (N.D.Ill. Sept. 4, 1992) (following Local Rule 46 limitations period for fee actions); Panico v. Board of Educ., 1992 WL 211051 (N.S.Ill. Aug. 26, 1992) (rejecting 120-day limitation period for attorneys' fees).
 
 
 [24]
 The court in McCartney C. noted that 120 days is the statute of limitations in Illinois law for suits seeking review of actions by school authorities, and cited the Illinois School Code, 105 ILCS 5/14-8.02(k). Because the parties agreed that 120 days was the proper statute of limitations for the disabilities act, we stated that "we need not beat our brains out over the question" which statute of limitations to pick for a federal statute that lacks one. 21 F.3d at 175. It is this panel that must undergo that "process."
 
 
 [25]
 While the Dells did not include an independent count requesting attorneys' fees in their amended complaint, they did include a request for attorneys' fees in the relief requested. We believe that, under the circumstances presented here, this request was adequate to present the request for attorneys' fees under 20 U.S.C. Sec. 1415(e)(4)(B). Dissatisfied with the amount of compensation that they had received in the earlier administrative process, the Dells were seeking augmentation of that amount. Therefore, their request for an award of attorneys' fees is most reasonably construed as a request for the award of fees incurred at all levels
 
 
 [26]
 Illinois uses the "control group" test to determine whether an employee shares the attorney-client privilege of the employer. See Consolidation Coal Co. v. Bucyrus-Erie Co., 89 Ill.2d 103, 59 Ill.Dec. 666, 670-75, 432 N.E.2d 250, 254-59 (1982); Favala v. Cumberland Eng'g Co., 17 F.3d 987, 989 (7th Cir.1994)
 
 
 [27]
 Congress has required the impartiality of Level I hearings in the IDEA itself (20 U.S.C. Sec. 1415(b)(2)) and the accompanying regulations (34 C.F.R. Sec. 300.507(a)). No one "having a personal or professional interest that would conflict with his or her objectivity in the hearing" may be a hearing officer. 34 C.F.R. Sec. 300.507(a)(2). Therefore no employee of an agency "involved" in the education or care of the child may conduct the hearing. 20 U.S.C. Sec. 1415(b)(2). However, a person paid to serve as a hearing officer is not considered an "employee" of the public agency conducting the hearing simply because he or she is paid by the agency. 34 C.F.R. Sec. 300.507(b). The Level II review officer must likewise be "impartial" and must make an "independent decision." 20 U.S.C. Sec. 1415(c); 34 C.F.R. Sec. 300.510(b). See 105 ILCS 5/14-8.02(g) (Illinois statute guaranteeing impartial hearing officer); Muth v. Central Bucks Sch. Dist., 839 F.2d 113, 120-22 (3d Cir.1988), rev'd on other grounds, 491 U.S. 223, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989) (reviewing federal scheme to show that a child "will normally receive a final, impartial, judicially reviewable, administrative decision within two and one-half months of a request for a hearing")
 
 
 [28]
 Because it concluded that the Dells had failed to state a claim against the defendants, the district court did not find it necessary to consider the defendants' affirmative defense of immunity. We agree. See Buckley v. Fitzsimmons, --- U.S. ----, ----, 113 S.Ct. 2606, 2620, 125 L.Ed.2d 209 (1993) (Scalia, J., concurring) (stating that "many claims ... are probably not actionable under Sec. 1983, and so may be dismissed at the pleading stage without regard to immunity"); see also Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 735 n. 5 (7th Cir.1994) (stating that we need not raise Eleventh Amendment issues sua sponte "when the underlying issue can be easily resolved on other grounds"); Benning v. Board of Regents of Regency Univs., 928 F.2d 775, 777 n. 2 (7th Cir.1991) ("Given the quasi-jurisdictional character of the Eleventh Amendment, we may properly base our decision upon other grounds.")