**Jeffrey DELL and Pat Dell, Plaintiffs,**

v.

**BOARD OF EDUCATION, Township High School District 113, Defendants.**

**No. 90 C 2278.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 12, 1995.

Marilyn F. Longwell, Law Offices of Marilyn F. Longwell, Chicago, Illinois, for Plaintiffs.

Kevin P. Mohr, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, Illinois, for Defendants.

***MEMORANDUM OPINION AND ORDER***

PALLMEYER, United States Magistrate Judge.

Plaintiffs, Jeffrey and Pat Dell, are the parents of a handicapped child who was entitled to educational services from Defendant,

the Board of Education of Township High School District 113 ("the School District"). In August 1988, Plaintiffs arranged for an independent case study evaluation ("ICSE") of their child's needs and sought reimbursement from Defendant for the costs of that effort pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Defendant refused initially to pay for any portion of the cost of the ICSE and requested an administrative hearing on the issue, but offered to pay Plaintiffs $3,000.00 in settlement of their claim. Plaintiffs did not accept the offer. An Administrative Level I hearing officer concluded that Plaintiffs were entitled to payment of the reasonable expenses of the ICSE, but that the amounts sought by the Dells' independent evaluator were far too high. An Administrative Level II hearing officer affirmed that conclusion and awarded the Dells only $2,000.00 for the ICSE.

In the complaint now before the court, Plaintiffs seek an award of attorneys' fees expended in connection with the Administrative Level II hearing and this litigation. Defendant has moved for summary judgment, arguing, *inter alia,* that Plaintiffs are precluded from recovery of any fees because the relief they ultimately obtained was less favorable than the settlement offer Defendant had made prior to the administrative hearings. As explained below, Defendant's motion is granted.

### FACTS

The facts, which are largely undisputed, are set forth in the parties' Local Rule 12(m) and 12(n) statements.[1]

Plaintiffs are the parents of a student who suffered from a behavior disorder, learning disabilities, and Tourette's Syndrome. (Plaintiffs' Rule 12(n) Statement ¶ 1.) Over the course of several years, some of which involved other school districts, Plaintiffs' son was placed in public schools, in a residential facility, and in a therapeutic day school, and had several psychiatric hospitalizations. (*Id.* ¶ 2.) He was a student in Defendant School District during 1987–88. In that year, after leaving a residential placement and undergoing one of his hospitalizations, he was placed in a day school, but attacked a teacher there and was again hospitalized. (*Id.* ¶ 3.) At this point, Defendant sought permission from the parents to conduct a Case Study Evaluation ("CSE") pursuant to state regulations, 23 Ill.Admin.Code § 226.535. (*Id.* ¶ 4.) Plaintiffs responded to this request by requesting reimbursement from Defendant under 34 C.F.R. § 300.504(b) for an Independent Case Study Evaluation for which they had already contracted. (*Id.* ¶ 4; Defendant's Rule 12(m) Statement ¶ 5.) Defendant requested an administrative hearing, seeking a determination that the School District's evaluation of the student's educational placement was appropriate and that Plaintiffs' request for reimbursement for the independent evaluation should be denied.[2] (Decision of Hearing Officer Simon, Ex. A to Defendant's Rule 12(m) Statement, at 1.)

By September 20, 1988, Plaintiffs' son had been placed in a residential treatment program in Washington state. The parties agreed that the placement was appropriate

1. Defendant has filed a Statement of Material Facts pursuant to Rule 12(m), which will be referred to here as "Defendant's Rule 12(m) Statement." Plaintiffs responded to the Rule 12(m) statement and also filed a Statement of Additional Material Facts, to which Defendant has responded. Although Plaintiffs refer to this Statement as "Plaintiff's Local Rule 12(m) Statement," it will be referred to here as "Plaintiffs' Rule 12(n) Statement," pursuant to the applicable provision of this court's Local Rules.

2. Pursuant to IDEA, the federal government provides funds for state special education programs, if such programs are administered pursuant to a policy that provides for procedural safeguards, including prior written notice to parents of any

change in a child's individualized educational program, § 1415(b)(1)(C); "an opportunity to present complaints" regarding such a program, § 1415(b)(1)(E); an opportunity for an impartial due process hearing on the complaint, § 1415(b)(2); and further review by a hearing officer for the state educational agency. § 1415(c). Federal regulations to implement IDEA are found at 34 C.F.R. Part 300. Pursuant to these regulations, either the parent or the School District may initiate a due process hearing. 34 C.F.R. §§ 300.503(b); 300.506(a). Under Illinois law, the School District was required to and did request a due process hearing within five days of the parents' written request for reimbursement for the ICSE. 105 ILCS 5/14–8.02(b).

and was not a matter for dispute at any of the administrative hearings. (Ex. A to Defendant's Rule 12(m) Statement, at 4.)

On October 6, 1988, prior to the initial hearing, Defendant tendered a written settlement offer to Plaintiffs. The October 6, 1988 letter from Defendant's attorney pointed out that Plaintiffs' independent evaluator had submitted invoices in the amount of $52,-407.00 for her services between August 15 and September 21, 1988. Counsel's letter proposed a payment by Defendant to Plaintiffs of "Three Thousand Dollars and no/100 ($3,000.00) in full and complete satisfaction of the costs of [the] independent evaluation...." (Letter from Attorney Sraga to Dells, Ex. 1 to Defendant's Rule 12(m) Statement.) Plaintiffs did not accept the offer. (Defendant's Rule 12(m) Statement ¶ 8.)

A Level I administrative hearing proceeded on October 24, 1988. (*Id.* ¶ 9.) On November 1, 1988, Hearing Officer Bonita Simon issued her decision in which she concluded that the evaluation procedures that had been utilized by Defendant School District "were not sufficient in nature or degree"; that the School District "seriously violated the student's rights by failing to complete [a CSE]" as required by Illinois law; that the School District had violated the student's "right to evaluations and a multidisciplinary conference"; and that the record reflected "serious procedural errors and bad faith" by the School District in failing to consider the recommendations of independent evaluators or to provide appropriate services and in substituting an inappropriate placement for a more appropriate one. (Ex. A to Defendant's Rule 12(m) Statement, at 3–4.) Hearing Officer Simon concluded, in addition, however, that the independent evaluator engaged by Plaintiffs had submitted a request for payment of costs that were "a gross exaggeration of usual and customary costs," casting "serious[ ] question[ ]" on the evaluator's credibility. (*Id.* at 4.) In her order, Hearing Officer Simon directed Defendant to "bear the costs of an independent evaluation for the student," but directed that the costs be "no more than usual and customary costs" for such an assessment, without a state-ment of the specific amount to be awarded. (*Id.* at 7.)

Both parties appealed from the Level I Hearing Officer's decision. In its Request for Level II Review, Defendant challenges a number of findings made by Hearing Officer Simon. Most of the School District's specific objections were directed at the Hearing Officer's substantive findings. The School District also specifically challenged (a) the Hearing Officer's refusal to issue a subpoena for the records of the independent evaluator; (b) the finding that the School District's conduct justified the parents' request for an ICSE at public expense; and (c) the order directing the School District to reimburse the parents for that expense. (Request for Level II Review, Ex. I to Plaintiffs' Response to Motion for Summary Judgment, at ¶¶ 2(a), (i), (n).) Plaintiffs retained counsel and appealed Officer Simon's findings that the evaluator's bill exceeded usual and customary charges. (Decision of Hearing Officer Malin, Ex. B to Defendant's Rule 12(m) Statement, at 1.)

Hearing Officer Martin H. Malin rendered his decision on November 13, 1989. Officer Malin affirmed the Level I hearing officer's determination that Plaintiffs were justified in contracting for an independent evaluation of their son, and that Defendant's "cumulative bad faith delays" in performing an appropriate evaluation supported the conclusion that the expense for the independent evaluation was properly borne by Defendant. (*Id.* at 10, 14.) The parties disagreed concerning which of them should bear the burden of proof on the issue of the reasonableness of the evaluator's claimed expenses; Officer Malin concluded that, if Defendant bore that burden, Defendant amply met it by demonstrating that the expenses requested by the evaluator were grossly exaggerated and that the evaluator's credibility was a matter of "grave doubt[ ]." (*Id.* at 14, 16.) Even assuming that the case was of sufficient complexity to require expensive evaluation services, Officer Malin concluded that "a reasonable, usual and customary fee" for the evaluation was only $2,000.00. (*Id.* at 17.)

On March 14, 1990, Plaintiffs filed a complaint seeking judicial review of Officer Malin's decision and an award of fees pursuant

to 20 U.S.C. § 1415(e)(4)(B). (Defendant's Rule 12(m) Statement ¶ 13.) Defendant removed the action to this court, but Judge Alesia dismissed the complaint as untimely. (*Id.* ¶ 14; Memorandum Opinion and Order, Ex. D to Defendant's Rule 12(m) Statement, *available in* WESTLAW, 1991 WL 49617.) The Seventh Circuit affirmed that decision, to the extent Plaintiffs' complaint sought review of the School District's performance of its obligations to provide Plaintiffs' son with an appropriate education. The Court of Appeals concluded that Plaintiffs' request for an award of attorneys' fees for the administrative proceedings was timely, however, and remanded for a ruling on Plaintiffs' request for fees. *Dell v. Board of Educ., Township High Sch. Dist. 113*, 32 F.3d 1053, 1064 (7th Cir.1994). Following remand, Plaintiffs filed an amended complaint, seeking an award of fees for counsel's efforts at the Level II hearing and in proceedings before this court after the Seventh Circuit's remand order.

### *DISCUSSION*

■ The Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* (the "Act") confers legal rights on the parents of disabled school-age children. Among those rights is the right to seek an administrative hearing before an impartial hearing officer for review of a local school district's proposal for educating the disabled child, to appeal from such a hearing to a state agency, and to seek judicial review of the state agency's decision. § 1415(b)(2); (c); (e). The statute provides, as well, for an award of reasonable attorneys' fees to a parent or guardian who is the prevailing party in an action brought under the Act. § 1415(e)(4)(B). The statutory test for claiming "prevailing party" status is, as in claims for fees pursuant to 42 U.S.C. § 1988, whether plaintiffs have succeeded on "any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit." *Chagnon v. Town of Shrewsbury*, 901 F.Supp. 32 (D.Mass.1995). An award is available, as the Seventh Circuit has held, even where the efforts of counsel result in a concession from the school district before a requested due process hearing is conducted. *Cf. Brown v. Griggsville Comm. Unit Sch. Dist. No. 4*, 12

F.3d 681 (7th Cir.1993) (denying fee award where student's improved school performance, rather than efforts of counsel, were the cause of the district's acquiescence in the parents' request); *Fischer v. Rochester Community Sch.* 780 F.Supp. 1142, 1149–50 (E.D.Mich.1991) (recognizing that fees may be awarded to parents who prevail prior to the administrative hearing, but declining to award fees where counsel's efforts did not improve the position of the student or his parents).

■ The fee-shifting provision of IDEA differs from 42 U.S.C. § 1988 in one important respect, however: Even where the parents have prevailed, the statute provides that they will nevertheless be barred from recovery of fees for any services rendered

> subsequent to the time of a written offer of settlement to a parent or guardian, if—
>
> (i) the offer is made ... in the case of an administrative proceeding, at any time more than ten days before the proceeding begins;
>
> (ii) the offer is not accepted within ten days; and
>
> (iii) the court or administrative officer finds that the relief finally obtained by the parents or guardian is not more favorable to the parents or guardian than the offer of settlement.

20 U.S.C. § 1415(e)(4)(D). Defendant School District argues that all of the elements set out in this section are met in this case: Defendant made its offer of $3,000.00 to settle the Dells' claims for reimbursement of the expenses of the ICSE more than ten days prior to the administrative hearing. Plaintiffs did not accept the offer within ten days. Finally, the relief accorded by the Level II hearing officer—$2,000.00 for reimbursement of the expenses claimed by the independent evaluator—is not more favorable than Defendant's offer of $3,000.00.

Although this court has found no case in this Circuit that addresses Section 1415(e)(4)(D), other courts have considered it. Defendant cites *Mr. L. & Mrs. L. v. Woonsocket Educ. Dept.*, 793 F.Supp. 41 (D.R.I.1992). In that case, defendant school officials offered to make certain changes in

the student's educational program and to pay plaintiffs $5,000.00. 793 F.Supp. at 43. The parents rejected the offer and proceeded to an administrative hearing. The Level II hearing officer ordered changes to the student's educational program that, with minor differences, mirrored those previously offered by defendants. In addition, the officer awarded the parents $1,987.50, the full cost of an independent evaluation. *Id.* at 44. Plaintiffs then filed an action to recover their attorneys' fees, and defendants, invoking § 1415(e)(4)(D), moved for summary judgment. The court granted the motion, noting that defendants' earlier offer was clearly more favorable than the sum plaintiffs ultimately recovered and that, although the non-monetary relief they received was somewhat different from what had been offered by defendant, it was not clearly more favorable. *Id.* at 45. *See also Hyden v. Board of Educ.*, 714 F.Supp. 290 (M.D.Tenn.1989) (declining to award fees to parents who prevailed at a due process hearing, where relief ordered was not materially different from school district's pre-hearing offer); *cf. Chagnon v. Town of Shrewsbury*, 901 F.Supp. 32 (D.Mass.1995) (awarding fees despite the fact that educational placement ordered by hearing officer was identical to that previously offered by defendant, where officer ordered, in addition, that "specific behavioral objectives be developed"). Because the $2,000.00 awarded by Hearing Officer Malin in this case was less favorable than the $3,000.00 previously offered, Defendant argues, Plaintiffs' request for fees must be denied.

Plaintiffs urge that the court reject this argument. They note, first, that the School District made its $3,000.00 offer prior to the Level I hearing and did not formally renew it when Plaintiffs retained counsel prior to the proceedings at Level II. Plaintiffs point out, further, that the School District itself appealed from the Level I hearing decision. Drawing an analogy from Rule 68 of the Federal Rules of Civil Procedure, on which § 1415(e)(4)(D) was modeled in part, Plaintiffs urge that this court adopt a construction of the IDEA provision that would limit *its* application to situations in which the parents prosecute, rather than defend, an administrative appeal. *See Delta Air Lines v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981) (Rule 68 requirement that plaintiff pay costs incurred after the making of an offer by defendant to have judgment taken against him, if plaintiff rejects that offer and subsequently wins less favorable judgment, does not apply where judgment is entered against plaintiff-offeree and in favor of defendant-offeror.) Finally, Plaintiffs emphasize the findings of both hearing officers that Defendant acted in bad faith and violated their son's right to evaluations. To ignore those portions of the decisions, Plaintiffs urge, would "demean the significance" of the IDEA's procedural guarantees.

While the court sympathizes with Plaintiffs' situation, the court is not persuaded by these arguments. First, although it might be a matter of wise policy for Defendant to renew its settlement offer after Plaintiffs retained counsel and before proceeding further in the administrative process, the plain language of § 1415(e)(4)(D) imposes no such requirement on a school district seeking to avail itself of the bar to recovery of attorneys' fees. Instead, the section bars recovery of fees for any services performed subsequent to a more-favorable-than-final-relief written offer to the parents, so long as that offer precedes the hearing by at least ten days and is not accepted within the ten-day period. Nor is there any suggestion that the fee-barring provision should only be invoked where the offer is made to the parents through counsel; to the contrary, the statute makes reference to "a written offer of settlement *to a parent or guardian, . . . .*" (emphasis supplied.) Thus the statute's plain objective is to discourage parents from engaging counsel to pursue administrative or judicial remedies after a school district makes an offer of appropriate relief to the parents.

Nor is the court moved by the circumstance that Defendant itself appealed from the Level I hearing officer's decision. Plaintiffs suggest that the Level I hearing officer's decision must have been more favorable to Plaintiffs than Defendant's offer, or Defendant would have had no motive for appeal. (Plaintiff's Response to Defendant's Motion for Summary Judgment, at 5.) Notably, however, the Level I decision required De-

fendant to pay the costs of an ICSE, but did not specify the amount; neither Defendant nor Plaintiffs could know, based upon that decision, the precise amount of the Defendant's liability. Indeed, as Hearing Office Malin noted, Plaintiffs themselves appealed from the Level I determination that the independent evaluator's bill was excessive. In any event, the fact that the Level I decision was arguably more favorable to Plaintiffs than was Defendant's written offer appears to be irrelevant to the issue here—specifically, is the relief *finally* obtained by the parents more favorable than Defendant's offer?

With some reluctance, this court concludes that the relief finally obtained by Plaintiffs was not, in fact, more favorable than Defendant's offer, in spite of the fact that both hearing officers' decisions are replete with findings that Defendant violated Plaintiffs' son's rights. Plaintiffs are correct that these findings are "elements of the decisions which set the tone" for the parties' future dealings. (Plaintiff's Response to Defendant's Motion for Summary Judgment, at 5.) Certainly these findings support Plaintiffs' claim that they are "prevailing parties" for purposes of a fee award. The findings cannot, however, be viewed as independent victories for Plaintiffs, nor can they be understood as constituting independent elements of relief. To the contrary, as Plaintiffs concede, their son's educational placement was no longer at issue at the time the administrative proceedings were initiated. The issue dividing the parties was Plaintiffs' claim for reimbursement for the costs of the ICSE—reimbursement to which Plaintiffs were entitled only if the hearing officers concluded (as they did) that the School District had not met its obligations to perform a CSE in a timely and appropriate fashion. Thus, although Plaintiffs are "prevailing parties" for purposes of a fee award, the *relief* they finally obtained consists only of the $2,000.00 awarded by Hearing Officer Malin.

## CONCLUSION

Congress has chosen to encourage settlement of claims under IDEA by denying recovery of attorneys' fees for services rendered after the parents reject a school district's settlement offer, if the relief the parents ultimately obtain is not more favorable to them. Although the Dells are prevailing parties within the meaning of the Act, the *relief* they won consists only of reimbursement of $2,000.00 for the reasonable and customary expense of an independent evaluation of their son's needs. Because that sum is not more favorable than the $3,000.00 payment offered by Defendant School District before the administrative hearing, the Dells are barred from recovery of fees for services rendered at that hearing or in these proceedings. Defendant's motion for summary judgment is granted.