**R.N., by and through his parents and next friends, Mr. and Mrs. D.**

**v.**

**SUFFIELD BOARD OF EDUCATION.**

**No. 3:97CV1955(RNC).**

United States District Court,
D. Connecticut.

March 29, 2000.

**50**

David Shaw, Andrew Feinstein, Richard Roznoy, Hartford, CT, for Plaintiff.

Susan Freedman, Shipman & Goodwin, Hartford, CT, for Defendant.

## ORDER

CHATIGNY, District Judge.

After review and absent objection, the recommended ruling is hereby approved and adopted.

## RECOMMENDED RULING ON PENDING MOTIONS

MARTINEZ, United States Magistrate Judge.

Pending before this court are the Defendant's Motion for Relief From April 22, 1999 Amended Judgment (doc. # 51), the plaintiffs' Supplementary Motion for Costs and Fees Subsequent to August 14, 1998 (doc. # 56) and the plaintiffs' Supplementary Motion for Costs and Fees Subsequent to July 20, 1999 (doc. # 66).

The undersigned recommends that the defendant's motion (doc. # 51) be DENIED and the plaintiffs' motions (doc. 56, 66) be GRANTED for the reasons that follow.

## I. *PROCEDURAL HISTORY*

The plaintiff's parents commenced the underlying action on September 15, 1997 seeking to recover the attorneys' fees they incurred in connection with their due process hearing request pursuant to the Individuals with Disabilities Education Act ("IDEA"). They sought $15,375.00 in fees and $198.60 in costs for the time period of January 3, 1997 to June 3, 1998.

The parties filed cross motions for summary judgment. The plaintiffs argued that they were entitled to a full fee award; the defendant, on the other hand, argued that the fee award should have been reduced because the fees were excessive and/or duplicative, the hourly rate was excessive and because the plaintiff parents needlessly protracted the proceedings. In addition, they argued that the fee should have been reduced to reflect the parents' partial success. The undersigned rejected these claims, but agreed that a reduction was warranted to account for those fees that were incurred in connection with a matter before the juvenile court and for matters which preceded the request for a due process hearing.

On August 17, 1998, the plaintiffs filed a Motion for Supplemental Attorney Fees (doc. # 44), seeking an additional $8,367.25 as compensation for legal fees they incurred between June 4, 1998 and August 14, 1998.

On March 4, 1999, the undersigned issued a recommended ruling granting in part, denying in part the parties' cross motions for summary judgment and granting the plaintiffs' supplemental motion for fees in full. (Doc. # 48). The recommended ruling was approved by the Honorable Robert N. Chatigny on March 23, 1999. (Doc. # 48). The plaintiffs were awarded $7,158.60 (out of the $15,375.00 requested) in attorneys' fees as well as supplemental fees in the amount of $8,367.25, for a total fee award of $15,525.85. The clerk entered an amended judgment in that amount on April 22, 1999. (Doc. # 50).

On June 2, 1999, the defendant filed the instant Motion for Relief from April 22, 1999 Judgment (doc. # 51), asking that the judgment in the amount of $15,525.85 be modified to eliminate the $8,367.25 in supplemental fees that the court awarded to the plaintiffs.

On July 21, 1999 and August 20, 1999, the plaintiffs filed their motions seeking supplemental fees. (Doc. 56, 66).

## II. *DISCUSSION*

### A. *Motion for Relief From April 22, 1999 Judgment (Doc. # 51)*

The defendant moves, pursuant to Fed. R.Civ.P. 60(b), for relief from the April 22,

1999 judgment. *See* Doc. 48; 50. The defendant claims that the award should be reduced because on March 12, 1998, it made an Offer of Judgment in the amount of $8,000 pursuant to Fed.R.Civ.P. 68[1] and the plaintiffs ultimately obtained less favorable relief than that conveyed in the offer. The defendant claims now, for the first time, that the plaintiffs are not entitled to any fees incurred after the date on which the defendant made the offer.

The defendant seeks review of this issue pursuant to Fed.R.Civ.P. 60(b), which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

■ The defendant contends that review is proper under Subsection (6). Relief under this subsection is available only when the movant acts in a timely fashion. What is a reasonable time is a question to be answered in light of all the circumstances. *See United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). In making this determination, the interest in finality must be balanced against the reasons for the delay. *See PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir.1983).

■ The plaintiffs argue that a review of the defendant's motion is not warranted because it is untimely. They argue that the defendant had the opportunity to address this issue earlier in the proceedings and that its failure to do so precludes review now. The defendant maintains that it acted in a timely manner. It explains that it was precluded from informing the court of the offer of judgment by the express language in Rule 68. Moreover, it tried to resolve this issue informally by offering to pay the plaintiffs the fees they incurred prior to the date that the offer of judgment was made. The defendant submits that as soon as it realized its settlement efforts were to no avail, it filed the instant motion. The court determines that in light of these circumstances, the defendant's motion was filed in a reasonable time.

■ Next, the plaintiffs argue that the defendant has failed to demonstrate that this case presents "extraordinary circumstances" warranting relief from the judgment. Under subsection (6), the court has great leeway in fashioning equitable relief. *See United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). Subsection (6), however, may be applied only in "a proper case." *See id.* "A proper case" is one of "extraordinary circumstances" or "extreme and undue hardship."

---

1. Fed.R.Civ.P. 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

*See DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir.1994).

The defendant claims that this requirement is satisfied because there is an important public policy of encouraging settlements; a review of its claim is necessary, it argues, to ensure that the plaintiffs do not enjoy a windfall in contravention of this public policy. The court agrees that a review of the defendant's claim is warranted by the circumstances of this case. *See e.g., Richardson v. National R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C.Cir.1995)("[T]he proper way to proceed ... is for the defendant to attack the judgment produced by the Rule 68 offer—which upon notice of acceptance is to be automatically entered by the clerk—under Rule 60, which provides for 'Relief from Judgment or Order.' ")

■ The court turns now to the merits of the defendant's motion. The defendant asserts the plaintiffs obtained less favorable relief than that offered in the March 12, 1998 Offer of Judgment. It maintains that the award must be reduced because Fed.R.Civ.P. 68 is mandatory and leaves no room for the court to exercise its discretion. The plaintiffs contend that Rule 68 is not applicable to the instant case; rather, they contend, this case must be analyzed pursuant to 20 U.S.C. 1415(i)(3)(D) and (E). The court agrees with the plaintiffs.

The defendant cites *Dell v. Board of Education, Township High School Dist. 113*, 918 F.Supp. 212, 216–17 (N.D.Ill.1995), in support of its position that the fee award in the instant case must be reduced. Its reliance on that case, however, is misplaced. In that case, the court did not reduce the award of fees pursuant to Fed.R.Civ.P. 68, but rather, reduced it pursuant to 20 U.S.C. § 1415(e)(4)(D).[2]

2. *See also Mr. L. & Mrs. L. v. Woonsocket Educ. Dept.*, 793 F.Supp. 41 (D.R.I.1992)(court applied the IDEA fee-shifting provision; court granted judgment in the defendant's favor, finding that because the defendant's earlier offer was more favorable than the relief obtained and the parents' rejection of the offer was not substantially justified, the plaintiffs were not entitled to a fee award).

Unlike Rule 68, which is mandatory,[3] the IDEA has a caveat—the parents may still recover attorneys' fees if their rejection of an offer is substantially justified. The relevant statutory scheme provides:

**(D) Prohibition of attorneys' fees and related costs for certain services.**

(i) Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—

(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

(II) the offer is not accepted within 10 days; and

(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

**(E) Exception to prohibition on attorneys' fees and related costs.**

Notwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer.

20 U.S.C. §§ 1415(e)(4)(D); (E).

The plaintiffs do not dispute that the relief they obtained was less favorable than the defendant's offer of judgment. Nevertheless, they argue that they are entitled to the full fee award because they were substantially justified in rejecting the Board's offer. They maintain that because they raised a

3. *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir.1989)("Operation of Rule 68 is mandatory ... [w]here a Rule 68 offer is made and the judgment finally obtained by the plaintiff is not more favorable than the offer, he must pay the costs incurred after the asking of the offer. This language is mandatory; where the rule operates, it leaves no room for the court's discretion.")

non-frivolous argument asking the court to modify or reverse existing law, their position was justified for purposes of a fee award under the IDEA. The court agrees.

In their cross motions for summary judgment, the parties briefed the issue of whether the plaintiff parents were entitled to fees for legal services rendered in connection with a juvenile court proceeding. In support of their request, the plaintiffs argued that their son's truancy, the subject of the juvenile proceedings, was caused by the defendant's failure to abide by the appropriate education plan and by the denial of access to special education programs. Therefore, they asserted, the fees were related to the due process hearing and were compensable.

The position argued by the plaintiffs was substantially justified and had a basis in law. Although this court rejected their claim, there appears to be a split of authority in this district on this very issue. *See e.g., D.F. v. Enfield Bd. of Educ.*, 3:96cv537(DJS), slip op. at 14 (D.Conn. Mar. 17, 1997)(court rejected plaintiff's claim that the fees expended for services related to juvenile court proceedings should be awarded); *cf. J.H. v. Department of Children and Families*, No. 3:95cv2159(CFD) (March 15, 1999), slip op. at 10, fn. 6 (court awarded fees incurred in connection with juvenile court proceedings where the events giving rise to the proceedings occurred as a result of the child's behavioral problems at school.)

Because the plaintiffs were substantially justified in refusing the defendant's offer, they are entitled to the full fee award. Accordingly, the defendants are not entitled to relief from the amended judgment. The court recommends that the Defendant's Motion for Relief From April 22, 1999 Amended Judgment (doc. # 51) be DENIED.

### B. *Supplemental Motions for Attorneys' Fees (Doc. 56, 66)*

On July 29, 1999, the plaintiffs filed a Supplementary Motion for Costs and Fees Subsequent to August 14, 1998 (doc. # 56). Since that time, Attorney Shaw has expended .6 hours and Attorney Feinstein 17.0 hours responding to the defendant's Motion for Relief From April 22, 1999 Judgment (doc.

# 51). The plaintiffs seek an additional $3,465.00 in fees.

On August 20, 1999, the plaintiffs filed a Supplementary Motion for Costs and Fees Subsequent to July 20, 1999 (doc. # 66), seeking another $2,242.50 in fees for work done on their surreply brief (doc. # 65) that was filed in connection with the defendants Motion for Relief from April 22, 1999 Judgment.

The defendant opposes the motions, arguing that the plaintiffs are not entitled to recover any fees incurred after the Offer of Judgment. This court rejected this same argument above in the Defendant's Motion for Relief From April 22, 1999 Judgment.

■ A plaintiff's recovery of attorneys' fees for work done in connection with fee application is appropriate. *Gagne v. Maher*, 594 F.2d 336, 343 (2d Cir.1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). Based on the court's analysis of the plaintiffs' claims for attorneys' fee incurred in connection with his motion for summary judgment, the court also finds that supplemental fees in the amount of $5,707.50 are appropriate.

### III. *CONCLUSION*

Based on the foregoing, the court recommends that the Defendant's Motion for Relief From April 22, 1999 Amended Judgment (doc. # 51) be DENIED and the plaintiffs' Supplementary Motion for Costs and Fees Subsequent to August 14, 1998 (doc. # 56) and the plaintiffs' Supplementary Motion for Costs and Fees Subsequent to July 20, 1999 (doc. # 66) be GRANTED.

Either party may seek the district judge's review of this recommendation. See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same); Fed.R.Civ.P. 6(a), 6(e), 7, 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992)(failure to file

timely objection to Magistrate Judge's recommended ruling waives any further review of the ruling).

March 13, 2000.