JEFFERY and Mary Y., individually and as parents and as Natural Guardians of Nicole Y., Plaintiffs,

v.

The ST. MARYS AREA SCHOOL DISTRICT, William J. Williams, personally and in his official capacity as Superintendent of St. Marys Area School District, Elaine A. Lee, personally and in her capacity as the Special Education Supervisor at St. Marys Area School District, Paul J. Robertson, personally and in his official capacity as Supervisor of Pupil Personnel and Administrative Services, Susan McDonough, personally and in her official capacity as a Learning Support Teacher at St. Marys Area High School, Lisa Mancuso, personally and in her official capacity as a Life Skills Teacher at St. Marys Area School District, John Esenwine, personally and in his official capacity as an elementary school principal at St. Marys Area School District, Timothy R. Wurm, personally and in his official capacity as a Life Support Teacher at St. Marys School District, Susan Grumley, personally and in her official capacity as a Learning Support Teacher at St. Marys Area High School, Defendants.

KATHY G., individually and as parent and Natural Guardian of Mark C., Plaintiffs,

v.

The ST. MARYS AREA SCHOOL DISTRICT, William J. Williams, personally and in his official capacity as Superintendent of St. Marys Area School District, Clytheria Hornung, personally and in her official capacity as Principal of

St. Marys Middle School, Elaine A. Lee, personally and in her capacity as the Special Education Supervisor at St. Marys Area School District, Paul J. Robertson, personally and in his official capacity as Supervisor of Pupil Personnel and Administrative Services, Susan McDonough, personally and in her official capacity as a Learning Support Teacher at St. Marys Area High School, Susan Grumley, personally and in her official capacity as a Learning Support Teacher at St. Marys Area High School, Charles Aliberto, personally and in his official capacity as a Special Education Advisor, Bureau of Special Education, Division of Compliance, Pennsylvania Department of Education, Michelle Desera, personally and in her official capacity as Chief of the Bureau of Special Education, Department of Education, Defendants.

C.A. Nos. 96–414E, 96–424E.

United States District Court,
W.D. Pennsylvania.

June 20, 1997.

Edward J. Feinstein, Law Offices of Edward Feinstein, Pittsburgh, PA, David C. Long, Oliveburg, PA, for Plaintiffs.

Stacey F. Vernallis, Jacqueline K. McGannon, Pietragallo, Bosick & Gordon, Pittsburgh, PA, James T. Rague, III, Spencer, Gleason, Hebe & Rague, Wellsboro, PA, for Defendants.

### Memorandum Order

COHILL, District Judge.

These are civil rights actions brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 720, 794, the Americans with Disability Act, 42 U.S.C. § 12101, and the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. The plaintiffs request damages, but no injunctive relief.

The defendants in both actions have filed Motions to Dismiss or, in the Alternative, Stay, Pending Administrative Proceedings. They also request that we rule that the appropriate statute of limitations in an IDEA case is two years. Though these cases are not consolidated, because the legal issues pending in both actions are the same, this Court shall address them simultaneously.

### I.  Background

The plaintiffs allege that they are disabled and/or handicapped and therefore protected by the aforementioned legislation and constitutional provisions. They further allege that the defendants have violated various substantive provisions of these laws, and that they (the plaintiffs) are entitled to damages as a result.

The defendants assert that the plaintiffs have not exhausted their administrative remedies, and that this Court does not have jurisdiction until such remedies have been exhausted.

In their complaint, the plaintiffs assert that they have "fully exhausted all required administrative procedures...." *Compl.* ¶ 3.

### II.  Discussion

■ When deciding a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept as true all the facts alleged in the complaint, and view them in the light most favorable to the plaintiff. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). However, a court is not compelled to accept conclusions of law as stated in the complaint. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944–45, 92 L.Ed.2d 209 (1986). Accordingly, we need not accept the plaintiffs' conclusion that they have, as a matter of law, exhausted their administrative remedies.

#### (A)

The defendants assert that, pursuant to the IDEA and Pennsylvania law, the plaintiffs must avail themselves of a two-tiered administrative process prior to bringing suit in this Court. This process entails an independent education specialist serving as a

hearing officer and presiding over a local hearing to make factual findings and resolving the parties' dispute. His or her decision can subsequently be reviewed by a state appeals panel.

In response, the plaintiffs assert that because they are only seeking monetary compensation, and because such compensation is not available in the aforementioned administrative process, they need not go through the process. In support of this assertion they rely on *W.B. v. Matula,* 67 F.3d 484 (3d Cir.1995).

In *Matula,* the court stated that:

> Beginning with the plain language of [20 U.S.C.] § 1415(f) [the IDEA] ... it is apparent that the exhaustion requirement is limited to actions seeking relief 'also available' under IDEA. We held ... that damages are available in a § 1983 action, but IDEA itself makes no mention of such relief. *Hence by its plain terms § 1415(f) does not require exhaustion where the relief sought is unavailable in an administrative proceeding.*

*Id.* at 496 (emphasis added) (citations omitted).

*Matula* is dispositive, and we shall deny the defendants motions to the extent that they request these actions be dismissed or stayed.

### (B)

The defendants next argue that the appropriate statute of limitations for actions brought pursuant to the IDEA is two years. Both parties agree that because the IDEA does not have a statute of limitations, this Court must look to Pennsylvania law to determine the appropriate time period during which a plaintiff may bring suit for alleged violations of the IDEA.

The defendants point to *Tokarcik v. Forest Hills School District,* 665 F.2d 443, 454–55 (3d Cir.1981), where the Court declined to determine the exact time period, but, in *dicta,* indicated that the two year statute of limitations would probably apply to IDEA cases brought in district courts in Pennsylvania. The court alluded to the possibility that the appropriate statute of limitations could be six years. *Id.*

The plaintiffs seem to agree that the appropriate statute of limitations for this action is two years. *Pls.' Br.* at 11. They note, however, that the child in each action is still a minor. Pursuant to Pennsylvania law, the statute of limitations does not start to run against a minor until he or she reaches the age of eighteen. 42 Pa. Cons.Stat. Ann. § 5533(b). Accordingly, none of the violations alleged in the complaint are time-barred with respect to the two child plaintiffs, Nicole Y. and Mark C.

With respect to the parents of these children, the plaintiffs argue that the defendants' conduct is part of a continuing practice, and that because these actions have been brought within two years of the last incident, the actions are timely. Thus, they ask the Court to apply the "continuing violation doctrine" ("CVD").

The defendants do not discuss this doctrine in their brief, and the plaintiffs merely provide a cursory discussion. Neither party cites to a case in which a federal court has applied, or rejected the application, of the CVD in an IDEA action. Nor has this Court, in its own research, found another federal court discussing the application of the CVD in an IDEA action.

The United States Court of Appeals for the Third Circuit has applied the CVD to Title VII actions and actions brought under the National Labor Relations Act. *West v. Philadelphia Elec. Co.,* 45 F.3d 744 (3d Cir.1995); *Brenner v. Local 514, United Bhd. of Carpenters,* 927 F.2d 1283 (3d Cir. 1991). Additionally, it has stated that "[i]n *most federal causes of action,* when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period...." *Brenner,* 927 F.2d at 1295 (emphasis added). Thus, we conclude that it is appropriate to apply the CVD in an IDEA context, and because the complaint alleges a practice of discriminatory activity that continued into 1996, none of the activity alleged in the complaint is time-barred to the extent that it relates to St.

Marys Area School District or to the individual defendants acting in their professional capacity. However, more troubling is the alleged activity that relates to the individual defendants acting in their personal capacity. From the present motions the Court cannot discern whether or not this activity, from some or all of the individuals, is "continuing." We shall grant the individual defendants leave to raise at a later date the argument that their alleged discriminatory activity, as it relates to their personal, but not professional, capacity, is time-barred.

THEREFORE, AND NOW, to-wit, this 20th day of June, 1997, it is hereby ORDERED, ADJUDGED, and DECREED, that the defendants' motions to dismiss, or in the alternative stay (Doc. 8 in 96–414E & Doc. 10 in 96–424E), are DENIED in their entirety. The individual defendants have leave to raise at a later date the argument that their alleged discriminatory activity, as it relates to their being defendants in their personal capacity, is time-barred.