**Laura VANDENBERG, for herself and as next friend of David VanDenBerg Plaintiff,**

v.

**APPLETON AREA SCHOOL DISTRICT, Defendant.**

**No. 02–C–1066.**

United States District Court, E.D. Wisconsin.

March 20, 2003.

---

Laura VanDenBerg, for herself and as next friend of David VanDenBerg represented, by Courtney RA Armao, Stadler & Centofanti LLC, Ronald S Stadler, Stadler & Centofanti LLC, Mequon, for Plaintiff.

Appleton Area School District represented by Mary S Gerbig, Davis & Kuelthau, Green Bay, for Defendant.

**DECISION AND ORDER**

GRIESBACH, District Judge.

This case arises under the Individuals with Disabilities in Education Act

("IDEA"); 20 U.S.C. § 1400 et seq. Plaintiff filed this action on October 28, 2002, appealing an Administrative Law Judge's order that dismissed all of plaintiff's claims arising before August 21, 2001 as being untimely under the applicable one-year statute of limitations, Wis. Stat. § 115.80(1). Upon review of defendant's current motion to dismiss, I am presented with the narrow question of whether the so-called "continuing violation" doctrine should apply on the facts of this case to defeat the one-year statute of limitations for filing a due process hearing request. For the reasons stated herein, I find the doctrine to be inapplicable and will grant defendant's motion.

**I. Background**

The operative facts are brief. For the purposes of deciding a motion to dismiss, I accept the facts stated in the complaint as true and draw all reasonable inferences therefrom. *See Johnson v. Rivera,* 272 F.3d 519 (7th Cir.2001). Plaintiff is the mother of David VanDenBerg, a sixth-grader in the Appleton Area School District (the "District"). David has been diagnosed with speech and language impairments in addition to attention deficit hyperactivity disorder (ADHD). He currently reads at only the second grade level, and his mother has been concerned for several years that he was not progressing adequately in his academic development. The complaint states that Ms. VanDenBerg "tried for three years to resolve her son's educational issues with the District". (Compl.¶ 16.) The complaint then continues, "From 1998—2002, the District failed to provide David with FAPE [free appropriate public education]. David was deprived of an IEP [individualized education program] and placement that was designed to provide him some education benefit." (Compl.¶ 18.)

After several years of frustration, Ms. VanDenBerg filed a request for a due process hearing on August 22, 2002, pursuant to Wis. Stat. § 115.80. Section 115.80 supplies Wisconsin's due process hearing procedure pursuant to IDEA, 20 U.S.C. § 1415, which places the burden on states to establish procedures to ensure that children and parents are given procedural safeguards. Parents have a right to request a due process hearing whenever there is a dispute between the parent and the school district over (among other things) the district's proposal for the provision of a FAPE, as required by IDEA. *See* Wisconsin Department of Public Instruction, *About Due Process Hearings,* http://www.dpi.state.wi.us/een/dueproc. html.

Prior to the hearing, the ALJ dismissed all claims arising prior to August 21, 2001, finding that they were time barred by Wisconsin's one-year statute of limitations, Wis. Stat. § 115.80(1)(a)(1). Observing that neither the Seventh Circuit nor Wisconsin courts have ever applied the doctrine of continuing violations to IDEA cases, the ALJ relied on the text of the statute ("request for a hearing ... within one year") as well as "IDEA's emphasis on the timely resolution of the disputes between local education agencies and the parents of children with disabilities." (ALJ Op. at 2, Docket # 9.) Subsequent to this adverse pre-hearing decision, plaintiff voluntarily dismissed the entire action and brought the present case in the district court.

## II. Discussion

In its complaint in the instant action, plaintiff seeks reversal of the ALJ's ruling barring claims prior to August 21, 2001 as well as declarations that 1) the statute of limitations for filing a due process hearing under IDEA is subject to the continuing violations doctrine, and 2) that claims related to David's treatment prior to August 21, 2001 are timely.

### 1. Subject Matter Jurisdiction

■ Upon review of the briefs submitted to the court, I invited the parties to submit additional informal briefing addressing the basis for my subject matter jurisdiction in this case. As the plaintiff voluntarily dismissed its action in front of the state hearing officer, it was not clear whether the plaintiff had adequately exhausted her remedies at the state level and whether the order appealed from was final.

The concepts of exhaustion of remedies and finality of orders in the area of administrative review are not always easily distinguishable. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3942. The rule that only final orders are appealable furthers the interest of avoiding piecemeal appeals. The exhaustion requirement under IDEA allows state and local agencies to utilize their educational expertise, and "affords full exploration of technical educational issues, furthers development of a complete factual record and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Hoeft v. Tucson Unified Sch. Dist.,* 967 F.2d 1298, 1303 (9th Cir.1992). Exhaustion of prescribed administrative remedies serves the dual purposes of protecting administrative agency authority and promoting judicial efficiency. *McCarthy v. Madigan,* 503 U.S. 140, 145, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992).

Exhaustion, however, does not always mean that a party obtained a final decision on all aspects of its case. The District argues that because the case was dismissed without prejudice below, the plaintiff can refile its request and obtain another due process hearing.

The exhaustion requirement is meant to allow state agencies the "initial opportunity to ascertain and alleviate the alleged

problem" by exercising their expertise and familiarity with the local educational system. *Robb v. Bethel School Dist. # £403* 308 F.3d 1047, 1050 (9th Cir.2002). Here, that has already occurred. The state hearing officer issued a two-page order dismissing claims relating to the appropriateness of David VanDenBerg's education prior to August 21, 2001. Thus, the appropriate state authority has already had a fair opportunity to consider this issue in its entirety.

In addition, exhaustion of administrative remedies is not required when exhaustion would be futile or when a claim involves a purely legal question. *See Smith v. Indianapolis Public Schools,* 916 F.Supp. 872, 877 (S.D.Ind.1995); *Komninos by Komninos v. Upper Saddle River Bd. of Educ.,* 13 F.3d 775, 778 (3d Cir.1994)(quoting *Lester H. by Octavia P. v. Gilhool,* 916 F.2d 865, 869–70 (3d Cir.1990)); *Pihl v. Massachusetts Dept. of Educ.,* 9 F.3d 184, 190 (1st Cir.1993)("Exhaustion may not be required where the pursuit of administrative remedies would be futile or inadequate; waste resources, and work severe or irreparable harm on the litigant; or when the issues raised involve purely legal questions.") Indeed, as the First Circuit noted, IDEA's legislative history supports a relaxed exhaustion requirement "in cases where such exhaustion would be futile either as a legal or practical matter." *Id.* at n. 10 (quoting 121 Cong. Rec. 37416 (1975)).

Thus, given the purpose of exhaustion-to allow appropriate agencies the first opportunity to adjudicate the issues involved-and the futility exception to the exhaustion requirement when the issues raised are solely issues of law, I find that plaintiff may bring this case in district court. Here, the state agency has issued its final decision with respect to all claims arising before August 21, 2001, and it would be futile for the plaintiff to request another

due process hearing only to obtain the same result. *See Taylor v. Vermont Dept. of Educ.,* 313 F.3d 768, 789 (2d. Cir. 2002)("No purpose would have been served by bringing a due process challenge against the ... defendants at that point.") In addition, I also find that exhaustion is not required in this case, as the issue presented is solely a question of law, namely, the applicability of an exception to the statute of limitations. Accordingly, I find that I possess subject matter jurisdiction over this case and will proceed to address plaintiff's primary arguments.

## 2. The "Continuing Violation" Exception and IDEA

■ The IDEA, originally enacted in 1975 as The Education of All Handicapped Children's Act, entitles all disabled children to a public education. The statute conditions federal funding for educating disabled children on a state's compliance with certain conditions. Among the most important requirements is that a school district must provide such children with a free appropriate public education ("FAPE"), pursuant to 20 U.S.C. § 1412(a)(1). *See M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ.,* 226 F.3d 60, 62 (2d. Cir.2000).

The first step in asserting these rights is to request a due process hearing under Wis. Stat. § 115.80. The statute requires these requests to be brought "within one year" of a district's refusal or proposal to change or initiate a FAPE, an IEP, or a child's evaluation. Wis. Stat. § 115.80(1)(a)1. The parties do not dispute that the proper statute of limitations is found at Wis. Stat. § 115.80 and that the applicable term is one-year. As plaintiff concedes that one year is the proper limitations period, she relies solely on the argument that the failure of the Appleton Area School District to provide a FAPE to

David during the years 1998–2002 constituted a "continuing violation" that can be redressed in its entirety because part of the violation fell within the one-year period. That is, plaintiff views the entire four-year period as one amalgamated event, the whole of which, under the continuing violation doctrine, may be remedied by its due process request filed on August 22, 2002.

Plaintiff has some support for this theory, although, as noted above, the applicability of the continuing violation doctrine to IDEA claims is apparently a matter of first impression in this circuit, and indeed in most circuits. *See Jeffery Y. v. St. Mary's Area Sch. Dist.*, 967 F.Supp. 852, 855 (W.D.Pa.1997)(district court's own research failed to find any federal cases discussing continuing violation doctrine as applied to IDEA). Plaintiff relies on an unpublished district court case from the District of Columbia and another district court case from the Eastern District of Pennsylvania, both of which applied the doctrine to make otherwise stale claims timely. In*Hammond v. District of Columbia*, No. 99–1723 (D.D.C. March 1, 2001), the guardian of a hearing impaired student requested a due process hearing in August 1997. ( *See* Docket # 10.) The state hearing officer agreed with the plaintiff that the student was denied a FAPE from September 1992 through November 1994, but the officer denied the plaintiff's request for compensation for that period because it preceded the request for a hearing by more than three years, the limitations period used by the officer.

The *Hammond* court reversed on this issue, finding that the continuing violation doctrine would apply to allow the plaintiff to be compensated for the period preceding three years in advance of the request for a hearing. The court noted that a continuing violation is "one that could not reasonably be expected to be made the

subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." *Taylor v. FDIC,* 132 F.3d 753, 756 (D.C.Cir.1997). Addressing the facts of the case, the court found that "[n]o single action of DCPS during this period is of such a singular or obvious nature that ... she needed to request a hearing."

Similarly, in *Jeffery Y. v. St. Mary's Area Sch. Dist.*, 967 F.Supp. 852 (W.D.Pa. 1997), the district court, while noting that neither party had briefed the issue, applied the continuing violations doctrine to a "practice of discriminatory activity" that began prior to the two-year time period under the applicable statute of limitations in Pennsylvania. The court did not undertake any analysis except to analogize to Title VII cases, nor did it refer to any of the policies behind IDEA. *Id.* at 855–56. Neither of these cases is binding on me, of course, and, for the reasons stated below, I find neither case persuasive on the facts presently before me.

First, *Hammond*'s analysis is not as mechanical as plaintiff suggests. That is, under the court's analysis, the mere fact that a violation may have been of a "continuing" nature is not enough to overcome the statute of limitations. Instead, the court looked at reasonableness. Specifically, as already noted above, it found that a continuing violation is "one that could not reasonably be expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." *Hammond,* (quoting *Taylor v. FDIC,* 132 F.3d 753, 756 (D.C.Cir.1997)). Here, the complaint boldly states that the district "failed to provide David with FAPE" for the years 1998–2002. (Compl.¶ 18.) Accepting that as true, it is unclear how it would have been

unreasonable to request a due process hearing much sooner. Thus, the *Hammond* case does not aid plaintiff's cause in any respect.[1]

Second, the two cases cited by plaintiff were "borrowing" statutes of limitations from other state causes of action rather than applying a specifically enacted state education statute. For example, the *Hammond* court applied the District of Columbia's three year catch-all statute of limitations, which applies to actions "for which a limitation is not otherwise specially prescribed." *See* D.C.Code 12–301(8). In Wisconsin, however, the parties are not faced with such a generic statute of limitations. Instead, the Wisconsin legislature has enacted a rather lengthy and specific provision governing requests for due process hearings. The statute reads:

> (1)(a)1. A parent, or the attorney representing the child, may file a written request with the division for a hearing *within one year after the refusal or proposal of the local educational agency to initiate or change his or her child's evaluation, individualized education program, educational placement or the provision of a free appropriate public education,* except that, if the local educational agency has not previously provided the parent or the attorney representing the child with notice of the right to request a hearing under this subdivision, he or she may file a request under this subdivision within one year after the local educational agency provides the notice. The division shall develop a model form to assist parents in filing a request under this subdivision.

Wis. Stat. § 115.80(1)(a)1 (italics added).

The phrase "within one year" became effective in May 1998, thus obviating the need to "borrow" a statute of limitations from other causes of action. While the statute does not appear to address a "continuing violation," it does contain a built-in equitable tolling provision. Specifically, if notice of the right to request a hearing is not provided to the parent or attorney representing the child, the one-year period does not begin to run until the date notice is actually provided. *Id.* It appears, therefore, that the Wisconsin legislature contemplated only this narrow exception to the one-year period and refrained from enacting others. Discussing the legislature's addition of the one-year limitations period, ALJ Sandra Sobocinski noted, "Parents as well as the district have a duty to monitor the services of students subject to IDEA. They can no longer stand by and then challenge educational plans at an indefinite time in the future. Wisconsin Statutes 115.80(1) puts them on notice that these must be timely challenged." *Menasha School District,* LEA–99–032 (August 9, 1999), *available at* http://www.dpi.state.wi.us/dpi/dlsea/een/lea99032.html. Accordingly, I am not persuaded by the district court cases cited by plaintiff that did not apply a narrow statute like Wisconsin's.

Third, the policy of IDEA, as recognized by the Seventh Circuit, is to foster expeditious review and amelioration of handicapped students' learning conditions. In *Dell v. Township Board of Education,* 32 F.3d 1053 (7th Cir.1994), the court re-

---

1. In fact, the *Hammond* court used a test similar to the Seventh Circuit analysis. In a sexual harassment context, for example, the "continuing violation" doctrine "comes into play in a sexual-harassment case only when the plaintiff was reasonable not to perceive her working conditions as intolerable until the acts of harassment had, through repeti-

tion or cumulation, reached the requisite level of severity." *DeClue v. Central Illinois Light Co.,* 223 F.3d 434, 435 (7th Cir.2000). This reasonableness analysis, however, was questioned by the Supreme Court in *Morgan,* 536 U.S. 101, 122 S.Ct. at 2075, 153 L.Ed.2d 106, and so I do not rely on it except to distinguish *Hammond.*

viewed a district court's finding that plaintiffs were untimely by one day in filing their federal action for review of a hearing officer's ruling. The court, affirming the district court, adopted a strict 120 day period for review (under Illinois law) and found that "the IDEA's policies encourage the prompt, rather than protracted, resolution of disputes concerning the disabled student's education." *Id.* at 1060. The court noted that the statute establishes other accelerated procedures, such as requiring due process hearings within 45 days of request and review of that decision within 30 days of request. The court also invoked IDEA's legislative history, and quoted Senator Harrison Williams, the principal architect of IDEA, as stating that delay in resolving education matters is detrimental to the development of a handicapped child. *Id.* Thus, "because delay in the resolution of any proceedings brought under § 1415 can delay a change in the child's educational program, a short limitations period is consistent with the IDEA's goal of prompt resolution of disputes and proper placement of the child." *Id.* (citations omitted).

Plaintiff argues, though, that the continuing violations doctrine has been applied in Title VII cases involving employment discrimination. Last year, a divided Supreme Court found that hostile work environment claims involved repeated conduct and are based on the "cumulative affect of individual acts." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 2073, 153 L.Ed.2d 106 (2002). Thus, that "entire hostile work environment encompasses a single unlawful employment practice" and may be timely brought as long as "all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id.* at 2075, 2077.

While one could make a strained analogy to *Morgan* and argue that David VanDenBerg was educated in a "hostile educational environment," I find this analogy to be unpersuasive, especially given the policies enunciated above. Swift resolution of educational issues is not merely the result of congressional whim but rather the inescapable reality that a disabled child's education operates in a crucible wherein time is uniquely of the essence. Indeed, once precious developmental years have passed, it is hard to imagine a compensatory educational scheme that even approaches adequacy. On this point, the Ninth Circuit has also quoted Senator Williams, who makes the point with great conviction:

> I cannot emphasize enough that delay in resolving matters regarding the education program of a handicapped child is extremely detrimental to his development.... Thus, in light of the urgent need for prompt resolution of questions involving the education of handicapped children it is expected that all hearings and reviews conducted pursuant to these provisions will be commenced and disposed of as quickly as practicable consistent with a fair consideration of the issues involved.

*Livingston School Dist. Numbers 4 and 1 v. Keenan,* 82 F.3d 912, 916 –917 (9th Cir.1996)(quoting 121 Cong. Rec. 37,416 (1975)); *see also Nieuwenhuis v. Delavan–Drien School District,* 996 F.Supp. 855, 868 (E.D.Wis.1998)(Reynolds, J.)("procedures mandated under the IDEA are designed to effectuate up-to-date evaluations and educational programming for eligible children" and therefore "a cause of action designed to resolve these disputes requires 'a short limitations period.' ") (citations omitted).

Moreover, putting the policy to one side, to accept a continuing violation exception to the statute of limitations in IDEA cases

would eviscerate the limitations period itself. Indeed, most requests for due process hearings seek to remedy the provision of an inadequate free appropriate public education. A student's education, if defective, fits all too easily into the category of a "continuing violation," and thus the application of an exception would swallow the rule itself. Under plaintiff's theory, a parent could, upon the student's graduation from eighth grade, seek a due process hearing to remedy the entire eight years of inadequate education merely because the entire education was a continuing violation. As Justice O'Connor argued in dissent in *Nat'l R.R. Passenger Corp.*, "[u]nder the Court's approach, such an employee may ... sleep on his or her rights for a decade, bringing suit only in year 11 based in part on actions for which a charge could, and should, have been filed many years previously." 536 U.S. 101, 122 S.Ct. at 2078–79, 153 L.Ed.2d 106 (O'Connor, J., dissenting). Thus, in light of the policies behind IDEA and the relatively narrow Wisconsin statute of limitations, I am unwilling to extend the scope of the statute of limitations without the guidance of clear precedential authority to do so.

Accordingly, for the reasons stated herein, **IT IS ORDERED** that the decision of the ALJ is affirmed and defendant's motion to dismiss is **GRANTED.**